[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
FACTS
The plaintiff Stephen M. Teifer has filed a five-count amended complaint against the defendant Sonitrol Communications Corp. (hereinafter Sonitrol) alleging the following facts. The plaintiff was employed by Sonitrol from September 1981 to to September 20, 1988, starting as sales manager and was promoted three times, the last promotion being to Executive Vice-President and Chief operating officer in early September 1988. In addition, it is alleged that, in July 1988, Sonitrol's President and Chief Executive, Douglas M. Curtiss, "expressly promised" that plaintiff would become President in the fall of 1988 and that the company would pay for plaintiff to take advanced courses in finance. The complaint also alleges that, when he was General Manager of defendant, he was authorized to and did institute changes in defendant's policy regarding termination of all employees, which new policy provided for a series of verbal and written warnings and a final written reason for termination. (It is not alleged that these policies are in writing). The intent of the policy, it is alleged, was to set a standard for termination involving performance, dependability and attitude, and to give an employee a chance to improve before he or she was terminated. In addition, defendant allegedly instituted a policy of conducting exit interviews "to insure that an employee's rights were not violated." It is further alleged that plaintiff "relied on the legitimate expectation that he could be terminated only for just cause," and that he relied on defendant's "express agreement" to promulgate and continue those policies. Plaintiff was, however, terminated, allegedly without any of the verbal or written warnings, without notice, and even though he did not "exhibit any lack of performance, lack of dependability or poor attitude."
The defendant has moved to strike counts one through four of the complaint on the grounds that plaintiff has failed to CT Page 1520 state claims upon which relief may be granted. Count one alleges wrongful discharge by breach of express and implied contracts. Count two alleges breach of a promise to promote. Count three alleges fraudulent misrepresentation of defendant's plan to promote plaintiff and of the reason for termination. Count four alleges negligent misrepresentation of defendant's plans which induced plaintiff to justifiably rely on the misrepresentations.
Both parties have filed memoranda of law in support of their positions as required by Practice Book 155.
MOTION TO STRIKE
The motion to strike is appropriately used to contest the legal sufficiency of a complaint or any count thereof. Practice Book 152. The motion to strike admits all facts well-pleaded and those necessarily implied from the allegations. Fenyman v. Groton, 212 Conn. 138, 142 (1989). If the facts provable under the allegations would support a cause of action, the motion must fail. Mingachos v. CBS, Inc, 196 Conn. 91,108-09 (1985).
The motion to strike shall separately set forth each claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency. Practice Book 154; Morris v. Hartford Courant Co. 200 Conn. 676, 683 n. 5 (1986). A general statement that the complaint does not state a cause of action is not sufficient to support a motion to strike. Id.; Connecticut State Oil Co., Inc. v. Carbone, 36 Conn. Sup. 181,182 (1979).
The defendant in this case has moved to strike counts one through four of the amended complaint because the plaintiffs "have failed to state claims upon which relief may be granted in the First, Second, Third and Fourth Counts as set forth more fully in the attached Memorandum of Law." This motion to strike is procedurally defective because the motion does not specify the reasons for it and may be denied on that basis.
A discussion of the merits of the motion is, however, appropriate.
LAW AND CONCLUSIONS
A. Count One
In count one, plaintiff alleges breach of implied and express oral contracts because his employment was terminated CT Page 1521 even though defendant "knew or reasonably should have known that plaintiff would rely on its express oral assurances, and also [on] its custom, practice, and policy of terminating employees only after giving them a series of verbal and written warnings."
"As a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 211 n. 1 (1987). (citations omitted). Plaintiff has alleged express and implied employment contracts with indefinite terms. Thus, he is basing his claim on allegations that he reasonably relied on defendant's assurances that he would only be terminated for just cause. "In appropriate circumstances, such an agreement [not to discharge except for just cause] may arise when an employee, in reliance on an implied representation that the position will not arbitrarily be terminated, leaves his current employment, or otherwise acts in reasonable and significant reliance on the representation Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 565 (1984). Such a principle of good faith and fair dealing does not mean that an employer is always liable whenever an employee is discharged without just cause. Id. at 567.
 Although we endorse the applicability of the good faith and fair dealing principle to employment contracts, its essence is the fulfillment of the reasonable expectations of the parties. Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction. We see no reason presently, therefore, to enlarge the circumstances under which an at will employee may successfully challenge his dismissal beyond the situation where the reason for his discharge involves "impropriety . . . derived from some important violation of public policy."
Id. at 572 (quoting Sheets v. Teddy's Frosted Foods,179 Conn. 471, 475 (1980).
The plaintiff has alleged an employment contract of indefinite duration; in other words he was an employee terminable at the will of the defendant. He has not alleged CT Page 1522 a violation of important public policy. He has alleged, however, that he reasonably relied on the representations of the defendant that he could be terminated only for just cause.
Regarding the alleged oral promises, the Supreme Court has applied the doctrine of promissory estoppel to employment cases.
 Section 90 of the Restatement Second [of Torts] states that under the doctrine of promissory estoppel "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promises of a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all.
D'Ulisse-Cupo, supra, 213 (citing E. Farnsworth, Contracts (1982) 2.19 p. 95).
In this case, there are allegations of reliance by the plaintiff on statements and policies of the defendant that he would be terminated only for just cause. The validity and legal sufficiency of this can only be determined after an evidential hearing by the trier and could be sufficient to sustain the plaintiff's claim. See Coelho v. Posi-Seal Intern, Inc., 208 Conn. 106 (1988).
The plaintiff does not allege that the statements made concerning no termination without just cause were in writing or were contained in a manual. See Finley v. Aetna Life 
Casualty Co., 202 Conn. 190, 198-199 (1987).
The defendant claims that without such allegation Finley holds that no cause of action for wrongful termination under these circumstances exists. Finley, however, did not so hold and this court is unprepared to disclose that the plaintiff cannot prevail even if he produces written evidence of his allegations at trial or that Finley so holds. Accordingly, the motion to strike count one is denied. CT Page 1523
B. Count Two
The plaintiff alleges in count two that defendant, by terminating him, "breached its express contract to promote him." Defendant claims no such cause of action exists. The plaintiff alleges, however, that defendant breached an express contract.
 A court cannot enforce a contract unless it can determine what it is. It is not enough that the parties think that they have made a contract; they must have expressed their intentions in a manner that is capable of understanding. It is not even enough that they have actually agreed, in their expressions, when interpreted in the light of accompanying factors and circumstances, are not such that the court can determine what the terms of that agreement are. Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract.
Corbin on Contracts, 95.
Thus, the court in D'Ulisse-Cupo, supra, 214-15, granted defendant's motion to strike a claim of breach of oral promises of continued employment because the "representations manifested no present intention on the part of the defendant to undertake immediate contractual obligations to the plaintiff" and "none of the representations contained any of the material terms that would be essential to an employment contract, such as terms regarding the duration and conditions of the plaintiff's employment, and her salary and fringe benefits." Id. The instant case is similar. Plaintiff has alleged that defendant promised he would become president "in the fall of 1988, and also promised that the company would pay for plaintiff to continue his education. . . ." The oral agreement as set out in the allegations is not sufficiently definite to be a contract. Since a legally sufficient oral contract has not been pled, the motion to strike count two is granted.
C. Count Three
Count three of the complaint purports to set out a cause of action for fraudulent misrepresentation.
The essential elements of an action in CT Page 1524 fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. [Citations omitted.]
Miller v. Appleby, 183 Conn. 51, 54-55 (1981).
"`Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact.' [Citation omitted]. The trier is the judge of the credibility of the testimony and the weight to be accorded it." Id. at 55 (emphasis added).
"Although the general rule is that a misrepresentation must relate to an existing or past fact, there are exceptions to this rule, one of which is that a promise to do an act in the future, when coupled with a present intent not to fulfill the promise, is a false representation." Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515 (1970); see also Web Press Services Corp. v. New London Motors, Inc.,203 Conn. 342, 362 (1987).
The plaintiff in the instant case has alleged that defendant made false statements regarding plaintiff's continued employment and false statement regarding why plaintiff was being discharged at the time of the discharge. Plaintiff also alleges that defendant had no intention of making him President at the time he made the representation, and that, although defendant represented that plaintiff was being discharged because the job was eliminated, defendant intended to fill and, in fact, did fill plaintiff's position. Plaintiff further alleges the statements were made to induce him to act on them (i.e., to continue his employment, and then to accept a small and inadequate severance package), and that he did indeed rely and act on these representations.
Plaintiff has stated a legally sufficient claim for fraudulent misrepresentation. Therefore, the motion to strike count three is denied.
D. Count Four
The fourth count of the complaint alleges that defendant "failed to exercise reasonable care or competence in representing to the plaintiff that he would become CT Page 1525 President of defendant."
"[The] court has long recognized liability for negligent misrepresentation. [It has] held that even an innocent misrepresentation of fact `may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.'" D'Ulisse-Cupo, supra, 217. The court has adopted the following definition regarding liability for negligent misrepresentation.
 "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."
D'Ulisse-Cupo, supra, 218, quoting Restatement (Second) of Torts 552.
It is sufficient, under this definition, to allege representations that contain false information, the plaintiff need not prove that the representations were promissory. D'Ulisse-Cupo supra 218. In the instant complaint, plaintiff has alleged that he relied on false representations which were made as a result of defendant's failure to exercise reasonable care or competence. These allegations sufficiently plead a cause of action in negligent misrepresentation and, therefore, the motion to strike count four is denied.
CONCLUSION
For the above reasons, the motion to strike count two is granted. The motion to strike counts one, three, and four is denied, also for the above reasons, and for the additional reason of non-compliance with Practice Book 154.
FREED, J.