[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE FRAUDULENT MISREPRESENTATION AND CUTPA COUNTS
Plaintiffs Alan Comen and Lee Frueh have filed this action against defendant Leonard Udolf in four counts. The plaintiffs allege in their first count that they entered into a lease an essential term of which obligated the defendant to provide an office with adequate parking. Plaintiffs allege that defendant breached the lease contract by failing to (1) provide adequate parking; (2) mark doors or directories so plaintiffs' office could be located; and (3) complete the interior of the leased premises. Plaintiffs allege that they suffered financial loss as a result.
In count two, sounding in fraudulent misrepresentation, plaintiffs incorporate the allegations or count one and also allege that defendant represented that the enumerated items in count one would be taken care of either before or shortly after the plaintiffs took occupancy. Plaintiffs further allege that those representations were false when made; were made with the intent to deceive plaintiffs; and plaintiffs relied on those representations to their detriment.
In count three plaintiffs incorporate the allegations of counts one and two and also allege that defendant's actions constitute a violation of Conn. Gen. Stat. 42-110a (CUTPA).
In count four plaintiffs incorporate the allegations of the three previous counts and allege that the lease is terminated because of defendant's actions, but that defendant refuses to release plaintiffs from the lease and threatens CT Page 925 legal action. Plaintiffs seek a declaratory judgment that the lease is null and void.
The defendant has filed a motion to strike counts two and three, as well as the prayer for relief which seeks punitive damages. A supporting memorandum accompanies defendant's motion to strike. The plaintiffs have filed a memorandum in opposition.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint. The trial court can only look to the complaint in deciding whether to grant or deny the motion." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "We must take the facts to be those alleged in the plaintiff's complaint in the manner most favorable to the pleader." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 472 (1980). "If facts provable under [the complaint's] allegations would support a defense a cause of action, the motion to strike must fail." Alarm Applications Company v. Simsbury Volunteer Fire Company,179 Conn. 541, 545 (1980). "When more than one ground is raised in a motion to strike, the judge must specify in writing the grounds upon which his decision is based." Fraser v. Henninger,173 Conn. 52, 54 (1972).
I. Count Two — Fraudulent Misrepresentation
Defendant argues in his memorandum that plaintiffs have failed to allege facts sufficient to state a cause of action in fraudulent misrepresentation. Plaintiffs contend that they have. "The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it this injury." Miller v. Appleby, 183 Conn. 51,54-55 (1981). Plaintiffs have alleged facts in count two sufficient to state a cause of action in fraudulent misrepresentation.
Nevertheless, defendant argues that plaintiffs' allegations of fraudulent misrepresentation, directed to defendant's promise to perform in the future and not to present fact, do not state a legally sufficient claim. Plaintiffs argue that they have alleged a cause of action in fraudulent misrepresentation since defendant knew his promise was false at the time he made it. "A representation about a promise to do something in the future, when linked with a present intention not to do it, is a false representation." Kavarco v. T. J. E., Inc., 2 Conn. App. 294, 360 (1984). See Paiva v. Vanech CT Page 926 Heights Construction Co., 159 Conn. 512, 515 (1970).
This court finds that plaintiffs have alleged a legally sufficient cause of action and therefore the motion to strike count two is denied.
II. Count Three — CUPTA
Defendant argues that plaintiffs' allegations of a simple breach of contract do not constitute a violation of Conn. Gen. Stat. 42-110a. Plaintiffs contend that defendant's fraudulent misrepresentations do rise to the level of a CUTPA violation. Conn. Gen. Stat. 42-10b(a) provides: "[N]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. 42-110a(4) provides in pertinent part that: "`Trade' and `commerce' means the . . . lease . . . or the offering or . . . lease . . ., or the distribution of any . . . property . . . in this State. "A single act of conduct . . . is all that is required to maintain an action under CUTPA." Cardello v. Reves, 3 CSCR 466
April 15, 1988, Walsh, J.) (court denied motion to strike UTPA claim on defendant's alleged misrepresentation of the condition of the septic system).
The court finds that plaintiff allegations concerning the lease agreement fall within the parameters of Conn. Gen. Stat.42-110a et seq. Whether defendants' alleged acts violate that statute is determined by "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen)]. citations omitted. Thus, a violation of CUTPA may be established by showing either an actual deceptive practice; (citation omitted); or a practice amounting to a violation of public policy." Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254 (1988).
 "[T]his court has acknowledged the statement of the Federal Trade Commission (FTC) that all three criteria . . . do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three."
Atlantic Ritchfield Co. v. Canaan Oil Co., 202 Conn. 234, CT Page 927 242 (1987).
The court finds that reading the complaint in the light most favorable to plaintiffs, defendant's alleged fraudulent misrepresentations, if true, could be found to (1) have offended the common law concept of fairness; (2) were unethical and unscrupulous; and (3) have caused substantial injury to plaintiffs. The court finds that since plaintiffs have alleged sufficient facts in count three to constitute a CUPTA claim, the motion to strike is denied as to count three.
3. Punitive Damages
Defendant argues that since he did not intentionally violate plaintiffs' rights, he is not liable for punitive damages. Plaintiffs argue that the court in its discretion can award punitive damages for fraudulent misrepresentations and also for the CUTPA claim. Conn. Gen. Stat. 42-110g(a) provides in pertinent part that: "the court may, in its discretion, award punitive damages . . ." "In order to award punitive . . . damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. (citation omitted). In fact, the flavor of the basic requirement to justify an award of punitive damages is described in terms of wanton and malicious injury, evil motive and violence." Gargano v. Heyman, 203 Conn. 616, 622 (1987).
The court finds that the plaintiffs' allegations do not rise to the level of wanton and malicious injury. Therefore, the motion to strike the prayer for punitive damages in this regard is granted.
CLARANCE J. JONES, JUDGE