[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE FIRST COUNT
The plaintiff, Marcella Dolinar, filed a three-count revised amended complaint against the defendant Town of West Hartford dated October 12, 1990. On October 17, 1990 Defendant moved to strike count one which sounds in fraud.
 I.
In the first count, plaintiff alleges that on January 4, 1988, plaintiff was hired for the position of Assistant Manager of Health Services. Plaintiff further alleges that plaintiff's future supervisor, Ms. Halstead-Fair, "told the plaintiff that plaintiff had been selected for the position." Plaintiff further alleges that, "[r]elying on Ms. Halstead-Fair's representation that she was selected for the position of Assistant Manager of Health Services, plaintiff resigned from the job that she currently had." Plaintiff further alleges that she began her new position on or about February 1, 1988, and that subsequent to that date, defendant offered plaintiff further alleges that in or about May 1988, Ms. Halstead-Fair requested that plaintiff begin the Acting Director position immediately, and plaintiff accepted. On October 11, 1988, plaintiff was fired from her position as Acting Director of Health. CT Page 7053
Plaintiff further alleges that "[d]efendant knew that its representations with regard to the position that was being offered to plaintiff at the time she was hired would be relied upon by plaintiff to resign from the position she had previously held in order to accept the position of Assistant Manager of Health Services." Plaintiff further alleges that "[d]efendant knew that plaintiff would have to accept the Director of Health position when she was first interviewed and offered the Assistant Manager position, but intentionally concealed that fact from her for fear that she would not otherwise accept the position at all." Plaintiff further alleges that "[d]efendant's representations constitute fraud in order to induce plaintiff to give up her former employment and to accept a position different from that which defendants intended to place her in ultimately."
 II.
The function of a motion to strike is "to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). The Motion to strike "admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988). "In ruling on a Motion to Strike the trial court is limited to considering the grounds specified in the Motion." Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
Defendant argues in its memorandum in support of its Motion to Strike that plaintiff "pleads reliance upon representations off the plaintiff [sic] without setting forth the essential allegations that the representations upon which she relied were untrue and known to be untrue by the defendant."
Plaintiff maintains in her memorandum in opposition that count one alleges all of the elements of fraud, and therefore defendant's Motion to Strike should be denied.
In Web Press Services Corporation v. New London Motor, Inc., 203 Conn. 342, 362 (1987), our Supreme Court set forth the essential elements of fraud:
 "Under our common law, a person claiming to be a victim of fraud or misrepresentation had to prove `that a false representation was made as a statement of fact, that it was untrue and was known CT Page 7054 to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so act to his injury."
Quoting Paiva v. Vanech Heights Construction Co.,159 Conn. 512, 515 (1970); see also Bernard v. Gershman,18 Conn. App. 652, 656 (1989).
It is clear that in count one plaintiff has failed to allege facts sufficient to support a cause of action for fraud. Defendant's Motion to Strike count one is granted.
Wagner, J.