[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Ronald Marciano hereafter (Marciano) and Naugatuck Chamber of Commerce hereinafter (Chamber) move to strike those counts of the plaintiff's complaint pertaining to them. Marciano moves to strike the sixth through ninth count on the grounds that the plaintiff failed to plead a claim for actionable misrepresentation as to counts 6, 7, and 8; and failure to plead a claim for actionable misrepresentation as to the CUTPA claim in count 9 because Marciano is not engaged in a trade or business.
The Chamber moves to strike the first four counts on the grounds that the 1st, 2nd, 3rd count fails to allege a claim for actionable misrepresentation upon which the plaintiff reasonably relied. The Chamber moves to strike the 4th count as to a CUTPA violation on the grounds that the Chamber is not engaged in a business or trade.
FACTS
The plaintiff alleges that he intended to lease the Garmac Building in the Naugatuck Industrial Park hereinafter (Park) for the purpose of selling general merchandise to the general public. It is alleged that Marciano, the park coordinator and employee of the Chamber, informed plaintiff's father that selling merchandise to the general public was a valid use of the building. The plaintiff leased the building making additions etc. associated with opening a new business. The plaintiff further alleges thereafter that Marciano by letter to plaintiff's landlord notified him that sale of merchandise to general public was prohibited and to cease and desist from future activities. Plaintiff claims damages based upon the alleged misrepresentation CT Page 9319 of Marciano.
The first count of the complaint is based on intentional misrepresentation, the second count is based on reckless misrepresentation and the third count is based on negligent misrepresentation. The fourth count of the complaint alleges that the actions of Marciano and the Naugatuck Chamber of Commerce constituted a violation of the Connecticut Unfair Trade Practices Act ["CUTPA"] because such false representation were "immoral, unscrupulous and oppressive."
The Chamber filed a motion a to consolidate this case with Maslar v. G.A.J. Realty, Inc., docket number 09 26 81. This motion was granted by the court. Marciano is a named defendant in Masler v. G.A.J. Realty, Inc. and the four counts of that complaint which relate to him are identical to the claims against the Chamber in this case. Marciano and the Chamber ["defendants"] moved in this case to strike the four counts of plaintiff's complaints which relate to them on the grounds of legal insufficiency.
A motion to strike admits all well pleaded facts, and such facts are construed most favorably to the plaintiff. Mozzochi v. Beck, 204 Conn. 490, 491, 529 A.2d 171 (1971). If facts provable under the allegations support a cause of action, then the motion to strike must be denied. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). "In judging a motion to strike . . . it is of no moment that plaintiff may not be able to prove its allegations at trial," Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132, 471, A.2d 671 (Super.Ct. 1983).
In their memorandum, defendants argue that the alleged representation made by Marciano was only "an expression of opinion" and "contingent and uncertain."
To state a cause of action for misrepresentation, a plaintiff must demonstrate "that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury." Web Press Corp v. New London Motors, Inc., 203 Conn. 342, 362, 525 A.2d 57 (1987), quoting Paiva v. Vanech Heights Construction Co.,159 Conn. 512, 515, 271 A.2d 69 (1970).
The plaintiff alleges in his complaint that a misrepresentation was made, that Marciano knew that it was false, meant to induce the plaintiff to lease the building and the plaintiff thereby did lease the building. The plaintiff has alleged all of the elements of a misrepresentation claim in his CT Page 9320 complaint. Accepting these allegations as true and construing them in the plaintiff's favor, that Marciano stated that the plaintiff's intended use of the building was a valid use, despite the existence of zoning regulations and land use plans which prohibited such use. The plaintiff alleges all the necessary elements of a misrepresentation cause of action.
The defendant further argue that even if the plaintiff has sufficiently pled a misrepresentation claim, it was not reasonable for him to rely on Marciano's statement as he could have independently discovered the truth himself through examination of zoning regulations and land use plans. "Where there is a misrepresentation, the fault of the victim in failing to discover the truth does not preclude relief unless it is so extreme as to amount to a failure to act in good faith and in accordance with reasonable standards of fair dealing." Pacelli Bros. Transportation, Inc. v. Pacelli, 189 Conn. 401, 409, 456 A.2d 325
(1983), quoting 1 Restatement (Second), Contracts 172.
The appropriateness of the plaintiff's reliance is a question of fact for the fact-finder; for the purposes of this motion the plaintiff has pled such reliance. Accordingly, the motion to strike the misrepresentation claims is denied.
The defendants also move to strike the plaintiff's CUTPA claim on the ground that they are not engaged in a trade or commerce to which CUTPA applies. The defendants argue in their memorandum that Connelly v. Housing Authority of New Haven,213 Conn. 354, 567, A.2d 1212 (1990), stands for the proposition that CUTPA does not apply to municipal authorities because they are not engaged in a trade or commerce. They also claim that they are a public agency or municipal authority. They also argue in their memorandum that no misrepresentation was made "upon which the defendant reasonably relied." The plaintiff argues that Connelly is inapplicable because there is nothing in the complaint to indicate that the Chamber of Commerce is a municipal agency.
The defendants claim in their memorandum that Connelly supports the proposition that the activities performed by a public agency "do not constitute a `trade or business' within the meaning of CUTPA." The plaintiff alleges in his complaint that the Chamber of Commerce "existed as a corporation organized under the laws of the State of Connecticut." Taking this allegation as true and construing it in the plaintiff's favor, there is nothing to indicate that the Chamber of Commerce is a municipal authority or public agency.
The defendants further argue that even if the plaintiff can state a CUTPA claim, he has failed to state a valid claim because his reliance on Marciano's statement was not reasonable. They CT Page 9321 cite Hinchliffe v. American Motors Corp., 39 Conn. Sup. 107,471 A.2d 980 (Super.Ct. 1983), aff'd, 197 Conn. 252, 470 A.2d 1216, as support for the proposition that the reliance must be reasonable or no CUTPA claim can lie.
The court in Hinchliffe struck the plaintiff's CUTPA claim, partially because of the unreasonableness on the plaintiff's part. In Hinchliffe, however, the court first found that no false representation had been made. Id., 22. Such a determination has not been made in the present case.
The plaintiff has alleged reliance on misrepresentation of the defendant. The motion to strike CUTPA claim is denied.
MEADOW, J.