[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant bank claims the plaintiff has failed to state any basis upon which relief can be granted and requests the court to strike all seven counts of the complaint. I have concluded that the plaintiff has set forth claims for restitution, unjust enrichment, and a violation of the Connecticut Unfair Trade Practices Act. Gen. Stat. 42-110(b) CT Page 10948 et. seq. Accordingly, I have denied the Motion to Strike.
In the first count of the complaint, the plaintiff alleges, inter alia, that it paid the bank $200,000.00 for the bank's agreement to lend the plaintiff $4,000,000.00 for a construction project; that the plaintiff paid the commitment fee while under duress; and that the bank's commitment was illusory because the bank, had it been requested to fulfill its loan commitment, would have been unable to do so. The plaintiff claims damages of $200,000.00. In the fourth count of the complaint, the plaintiff makes similar allegations with respect to a $100,000.00 commitment fee and a $5,000,000.00 loan agreement relating to the sale of condominium units.
The defendant asserts the first and fourth counts are defective because the plaintiff has not alleged how the bank induced a fearful state of mind in the plaintiff. The defendant also contends that these counts are defective because the plaintiff has failed to allege performance by the plaintiff of its part of the agreement, has failed to allege a request by the plaintiff for funds, and has failed to allege a refusal or failure of the bank to perform its obligations. The defendant further claims that the plaintiff freely assented to the loan agreements and ratified the agreements. After reviewing these claims, I have concluded the plaintiff has alleged a cause of action. It seeks to recind the agreement and obtain restitution of the commitment fees it paid. "A person who has conferred a benefit upon another as the result of a transaction which is void or voidable because of duress or undue influence, is entitled to restitution under the same conditions as if the benefit had been conferred as the result of fraud." Restatement of the Law, Restitution, 70 (1937 Ed.). Because the plaintiff has alleged a cause of action, the Motion to Strike must be denied. The various contentions presented by the defendant in its brief can be raised by defendant's filing a denial or special defense.
In the second and fifth counts, the plaintiff alleges that the bank misrepresented its ability to fund the loan commitments and fraudulently induced the plaintiff to accept the loan commitments to the plaintiff's detriment and loss. The plaintiff sf sf seeks restitution. "A person who has been paid money to another because of a mistake of fact and who does not obtain what he expected in return is entitled to restitution from the other if the mistake was induced . . . (a) by the fraud of the payee . . . ." Restatement of the Law, Restitution, 28 (1937) Ed.).
The bank asserts the second and fifth counts are defective because the plaintiff has failed to set forth in CT Page 10949 detail the misrepresentations and the elements of the fraud claim. The plaintiff has adequately alleged the elements of a cause of action for fraud. See Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515 (1970). While the plaintiff has not alleged the facts in detail, it has sufficiently apprised the defendant of its claim.
The defendant bank also claims the second and fifth counts are defective because the plaintiff has failed to set forth facts indicating that the plaintiff fulfilled its obligations under the loan agreements and that the bank failed or refused to perform its obligations. Since the plaintiff seeks restitution and not a recovery under the contract, such allegations are not necessary.
In the third and sixth counts, the plaintiff sets forth claims for unjust enrichment. The defendant again asserts the claims are defective because the plaintiff has not alleged the plaintiff demanded funds or satisfied conditions precedent to the bank's obligations to perform. The defendant also asserts the plaintiff has failed to set forth facts relating to the unjust nature of the bank's retention of the fees. Despite the defendant's assertions, the plaintiff has stated a cause of action and has clearly apprised the defendant of its claim "The right of recovery under the doctrine [of unjust enrichment] is essentially equitable, its bases being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." S" Schleicher v. Schleicher,120 Conn. 528, 534 (1935).
In the seventh count, the plaintiff has alleged the defendant violated the Connecticut Unfair Trade Practices Act. Gen. Stat. 42-110(b) et. seq. The defendant asserts the claim is defective because the plaintiff has not alleged facts indicating the bank is obligated to provide funds under the loan agreements. The conduct upon which the plaintiff bases its CUTPA claim is the allegedly fraudulent and unjust manner by which the bank obtained commitment fees. The plaintiff has sufficiently alleged a CUTPA claim.
The Motion to Strike is denied.
GEORGE THIM, JUDGE