[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff in this case alleges breach of contract (Count One), fraud (Count Two), tortious interference with contractual relations (Count Three), violation of Connecticut's antitrust law (Count Four) and unfair trade practices (Count Five). Defendants Curtain, Walls and Windows, Inc. (hereinafter, "CWWI") and Floral Glass Industries, Inc. (hereinafter, "FGI") have moved to strike all five counts of the complaint.
Succinctly stated, this case involves a dispute stemming from plaintiff's view that it had been hired by CWWI, the general contractor for a renovation and replacement project of the windows of a building at the Yale University campus, and then was wrongfully replaced by defendant Steven's Enterprises, Inc., d/b/a Stained Glass Overlay (hereinafter, "SGO"). Oral argument on the pending motion to strike was held on January 5, 1994.
For the reasons stated below, the motion to strike is granted as to Count Four, denied as to Counts One, Two and Three, and granted as to defendant CWWI only with respect to Count Five.
Prior to considering each count, the court will briefly review the applicable legal standards relating to motions CT Page 874 to strike.
The motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). In reviewing a motion to strike, the court must assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the pleading. Michael v. Wawruck, 209 Conn. 407, 408,551 A.2d 738 (1988). If the legal grounds for a motion to strike are dependent upon underlying facts not alleged in the pleadings of the nonmoving party, the party making the motion to strike must await the evidence which may be adduced at trial, and the motion ought to be denied. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
Count One
Count One alleges breach of contract against CWWI only. Plaintiff alleges in her complaint that a contract was created when CWWI informed her that if CWWI was awarded the contract for the Yale project, she would get the job (15). The plaintiff further alleges that CWWI breached this contract on or about May 10, 1993, when, after being awarded the Yale contract, the defendant informed her that a different subcontractor had been selected (25-26). Defendant takes the position that defendant CWWI merely solicited plaintiff's bid. Defendant argues that because plaintiff's getting the job was conditioned on CWWI first getting the overall contract, and because the complaint alleges that subsequent to September 25, 1992, the work specifications were changed and plaintiff's bid was changed and submitted to another defendant, FGI (19), no contract ever existed between plaintiff and CWWI.
Defendant argues, in essence, that no contract ever came into existence in the present case as between plaintiff and CWWI. This may in fact be true, but this determination is not properly made on a motion to strike. A motion to strike is used "to contest the legal sufficiency of the allegations . . . to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "If facts provable under the allegations of the complaint would support a . . . cause of action, the motion to strike must fail." Ferryman v. Groton, supra, 142.
In the present case, viewing the facts in the manner CT Page 875 most favorable to the plaintiff, a cause of action has been sufficiently pleaded. The plaintiff alleges a commitment by defendant CWWI to the plaintiff that the plaintiff would be awarded the subcontracting work if the defendant was awarded the Yale project. The plaintiff further alleges that the defendant was in fact awarded the Yale project, but then breached its promise to the plaintiff. Additional facts which may ultimately indicate that there was a condition precedent, or that a revised bidding process took place, while surely significant, do not compel the granting of this motion to strike. Accordingly the motion to strike count one is denied.
Count Two
Count Two alleges fraud against FGI and CWWI. Defendant argues that the allegations of Count Two should be stricken because the complaint fails to allege the false, representation of an "existing fact." Connecticut Law of Torts, Wright and Fitzgerald, Chapter XVI, pages 305-306. Plaintiff correctly points out that there are exceptions to this requirement, "one of which is that a promise to do an act in the future when coupled with a present intent not to fulfill the promise is a false representation." Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515, 271 A.2d 69 (1970).
Reading the complaint in the light most favorable to plaintiff, the court concludes that that Count Two sufficiently alleges a promise to do an act in the future to withstand the motion to strike. Therefore, the motion to strike Count Two is denied.
Count Three
Count Three alleges tortious interference with contractual relations against FGI and Steven's Enterprises.
The parties agreed at oral argument that if Count One was ordered stricken, then Count Three should be ordered stricken also, because it alleges that a contract existed between plaintiff and CWWI based on the allegations in Count One. Because the motion to strike Count One has been denied, the motion to strike Count Three is also denied.
Count Four CT Page 876
Count Four alleges violation of the Connecticut Antitrust Act, General Statutes 35-24 et seq., against FGI and Steven's Enterprises. Even giving the allegations of this count the most generous reading possible, it is inadequate to make out a claim under the law. This case involves a very narrow dispute between a very limited number of parties with only the most attenuated impact, if any, on anyone other than the litigants. No facts are alleged which support a claim of monopolization or undue restraint on trade or commerce. Elida, Inc. v. Harmor Realty Corp., 177 Conn. 218, 225 (1979). See also Brodigan, The Connecticut Antitrust Act, 47 Conn. Bar J. 12 (1973). The motion to strike this count is granted.
Count Five
Count Five alleges a violation of CUTPA, General Statutes42-110a, against all of the defendants.
Defendants CWWI and FGI move to strike this count, arguing that the complaint fails to allege that the acts of defendants were unfair or deceptive.
The court agrees with defendant's argument as to CWWI, but disagrees as to FGI. Viewing the allegations of Count Five in the light most favorable to plaintiff, the allegations sufficiently allege that defendant FGI's acts were unfair or deceptive to survive the motion to strike. See paragraph 22 of Count One, incorporated by reference into Count Five.
However, even reading the complaint in the light most favorable to plaintiff, there is no basis to conclude that CWWI engaged in unfair or deceptive acts within the meaning of CUTPA as Count Five is presently drafted.
The motion to strike Count Five is therefore granted as to defendant CWWI, but denied as to defendant FGI.
DOUGLAS S. LAVINE, JUDGE, SUPERIOR COURT