[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' WHETHER EQUITABLE ESTOPPEL SHOULD BAR OPENING DISSOLUTION JUDGMENT ESTABLISHING PATERNITY WHERE DNA TEST SHOWS HUSBAND IS NOT THE FATHER
Plaintiff Dionisio Serrano has filed a Motion to Open Judgment through CT Page 14600 which he seeks to overturn the finding in his judgment of dissolution that he is the father of the minor child Joel J. Serrano. At the hearing on the motion to open judgment separate attorneys represented minor Joel and the plaintiff. Furthermore, the Assistant Attorney General appeared for the purpose of representing the interest of the State of Connecticut inasmuch as Joel receives some financial support from the State of Connecticut. From the record and evidence presented at the hearing the court makes the findings set out below.
Dionisio Serrano and Jackeline Colon entered into marriage on November 28, 1981, in New Haven, Connecticut. Immediately prior to their separation Jackeline Colon Serrano informed Dionisio Serrano that she was pregnant. She gave birth to Joel J. Serrano on February 27, 1984. After Joel's birth, plaintiff Dionisio Serrano filed for a divorce. Jackeline Colon Serrano did not appear at the uncontested hearing of the dissolution. In accordance with Dionisio Serrano's testimony at the uncontested hearing on September 5, 1984, the court on that day entered a judgment dissolving the parties' marriage, and finding that Joel J. Serrano is the issue of the parties. In addition, the court in that judgment ordered Dionisio Serrano to pay to Jackeline Colon Serrano $40.00 per week as unallocated alimony and child support. Thereafter a Family Support Magistrate by ruling of March 13, 1996, modified the unallocated alimony and support to child support only in the amount of $87.00 weekly. The plaintiff has paid child support for Joel.
Plaintiff Dionisio Serrano's motion to open judgment is predicated upon his contention that he has recent DNA evidence establishing that he is not the father of minor Joel, and that his acquiescence in the judgment to being found as Joel's father is a product of Jackeline Colon Serrano having fraudulently led him to believe that Joel is his child. In addition, the plaintiff contends that he never established and does not have a meaningful relationship with Joel.
At the hearing on the motion to open judgment defendant Jackeline Serrano Colon testified that she did not have sexual relations with anyone except Dionisio Serrano at the probable time (April through June of 1983) of Joel's conception. It is presumed that Dionisio Serrano is Joel's father.[1] This Court finds that when they entered into marriage Jackeline Colon was 15 years of age and Dionisio Serrano was 19 years of age.
The court finds that Dionisio Serrano was present at the hospital when Joel was born. The court further finds that although the parties were separated at the time of Joel's birth, Dionisio Serrano spent a substantial amount of time with Joel at Jackeline Colon Serrano's residence, and that he had an extended amorous relationship with her. For CT Page 14601 several years after the parties' divorce Dionisio Serrano visited frequently with Joel and with Jackeline Colon at her house. The plaintiff gave Joel numerous gifts, including clothes and a bicycle. The plaintiff visited with him approximately every two weeks during 1984 through 1985, and during this time he stayed overnight with Joel at Jackeline Serrano Colon's residence. Furthermore, Joel frequently visited Dionisio Serrano and his step-brother and step-sister sired by the plaintiff with his second wife. Joel spent considerable time with them in overnight visitation at the plaintiff's house until he was about thirteen years of age.
The court further finds that Dionisio Serrano did pay child support for Joel and he claimed Joel as an exemption on his federal income tax return for calendar years 1996 and 1997. However he did not claim him as an exemption for the 1998 tax year.
Joel enjoyed a happy life while visiting with the plaintiff, and also while visiting with the plaintiff's son and daughter. Joel identifies Dionisio Serrano as his father. Sometime near his thirteenth year the plaintiff married a third wife and since then Joel has had infrequent contact with him. Nevertheless, this Court finds that Joel has a strong child-parent bond with Dionisio Serrano, and that he is severely distressed by the plaintiff's claim that he is not his father. The court further finds that at all material times the plaintiff led Joel, his family, and the community to believe that that he is Joel's father.
Plaintiff Dionisio Serrano testified that his present denial of paternity stems from facts which he learned while visiting his mother in Puerto Rico in 1999. He testified that during that visit his mother informed him that he was not Joel's father.[2] The plaintiff stated that upon his return to the United States, he located Joel in New Haven and had a DNA paternity test performed in November of 1999, the results of which excluded the possibility of his being Joel's biological father.[3] Joel has indicated that he might seek psychiatric counseling to help him cope with this claim. Despite the results of the DNA test defendant Jackeline Serrano Colon still believes that the plaintiff is Joel's biological father.
 Legal Analysis: Fraud and Equitable Estoppel
The defendant contends that Dionisio Serrano has held himself out as Joel's father, and that he should be estopped from denying paternity. The plaintiff claims that his earlier acceptance of paternity was based upon the defendant's having fraudulently led him to believe that he was Joel's father. The Court shall first address the plaintiff's claim that the defendant through fraud deceived him by misrepresenting the true CT Page 14602 parentage of the child. By alleging fraud as the basis for opening the judgment in this case, the plaintiff has the burden of proving fraud. Fraud must be proved in accord with the standard of "clear and convincing evidence." Wilkes v. Wilkes, 55 Conn. App. 313, 326 (1999).
In Pavia v. Vanech Heights Construction Co., 159 Conn. 512 (1970), the Connecticut Supreme Court listed the elements necessary to prove fraud.
 The essential elements of an action in fraud are that [1] a false representation was made as a statement of fact; [2] that is was untrue and known to be untrue by the party making it; [3] that it was made to induce the other party to act on it; and [4] that he did so act to his injury.
Id. at 515 (emphasis added)
Although the DNA test results statistically significantly challenge the defendant's
assertion that the plaintiff is Joel's father, this DNA evidence does not, however, prove that defendant Jackeline Serrano Colon acted fraudulently, for the reason that if there were a misstatement as to the plaintiff being Joel's father, the plaintiff has not proved that any such misstatement of paternity was "known to be untrue by the party(defendant) making it." Plaintiff Dionisio Serrano has clearly failed to prove this second element of fraud as articulated in Pavia, supra. In spite of the DNA evidence, the defendant maintains her belief that the plaintiff is Joel's biological father. Furthermore, she maintains that she did not have sexual relations with another man during the time when Joel was conceived. The plaintiff simply has not proved that the defendant knowingly made a misstatement of paternity. To prevail he is required to make such proof by clear and convincing evidence. The court finds the defendant's evidence credible and finds for her on this point.
The court now shall turn to the matter of equitable estoppel. The issue is whether the plaintiff should be equitably estopped from denying paternity.
The Connecticut Supreme Court has stated that "[w]e are . . . mindful that equitably estopping parties from denying parenthood is an extraordinary measure because it involves a judicially created imposition of parental status and attendant responsibility. W. v. W., 248 Conn. 487,503-04 (1999). Furthermore, "a decision attributing paternity is no less weighty than one terminating parental rights." Holland v. Holland, 188 Con. 354, 363 (1982). "It is the burden of the party asserting a claim of CT Page 14603 estoppel to establish the existence of the elements essential to an estoppel." Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 699
(1991).
The Connecticut Supreme Court, in W., 248 Conn. 487, articulated the manner in which Connecticut courts are to apply the doctrine of equitable estoppel in the context of paternity proceedings.
 [t]he equitable estoppel doctrine properly imposes a burden on the party seeking to invoke the doctrine to demonstrate representations of financial as well as emotional support. . . . Requiring that children believe that the stepparent is their natural parent unjustly would deny support to some children who, nevertheless, have relied detrimentally on representations of emotional and financial support.
Id. at 502-03 (emphasis added).
The defendant in W. actively pursued a relationship with the child, even though he knew that it was unlikely that he was the biological father. "[D]efendant had taken such activities because he did not want D [the probable biological father] to play any role in the life of the child." Id., at 490. When the parties divorced three years later, the defendant agreed to pay child support, and only after the plaintiff's motion to raise the amount of support was granted did he contest paternity and request a blood test. The Connecticut Supreme Court, despite the results of the paternity test, held that the because the defendant had emotionally and financially supported the child throughout her life and had detrimentally relied on that support, he was equitably estopped from denying paternity.
The court shall now examine whether plaintiff Dionisio Serrano acted in such a manner as to cause Joel Serrano and the defendant to rely upon him for emotional and financial support. The plaintiffs and defendant's testimony varied a great deal regarding Mr. Serrano's relationship with Joel. "It is the sole province of the trial court to weigh and interpret the evidence before it and pass upon the credibility of witnesses." Smithv. Smith, 185 Conn. 481, 493 (1981).
The court finds that plaintiff Dionisio Serrano provided active emotional support for Joel for the first thirteen years of Joel's life. Clearly, these were formative years. The plaintiff spent considerable time with Joel, bought him a bicycle, and included him in the lives of his other children. The plaintiff led the community and the extended family to believe that he is Joel's father. In addition, the plaintiff CT Page 14604 provided substantial financial support for Joel and also took him as a tax exemption on his federal income taxes. This led Joel and his mother to believe that the plaintiff considered Joel as his son.
This Court finds that there is ample evidence of a child-father relationship between Joel and the plaintiff, as well as ample evidence of plaintiff's financial and emotional support of Joel. Accordingly, the court finds that inasmuch as the equitable estoppel requirements of W.v. W., supra, are met in this case, plaintiff Dionisio Serrano is estopped from denying paternity of Joel Serrano.
Accordingly, for the foregoing reasons and upon the foregoing authorities, the plaintiff's motion to open judgment is denied.
Clarance J. Jones, Judge