[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT'S MOTION TO STRIKE
In this five-count action, the plaintiff Traina Enterprises, a corporation, seeks to recover unpaid bills for labor and material allegedly furnished to defendant Stella Manousos, at her property at 41 Victory Lane, Wethersfield under a written construction contract dated August 23, 1999.
On September 13, 2002, Judge Sheldon granted the defendant's motion to implead Sebastian Traina as a third-party defendant, and the third-party complaint dated September 23, 2002, alleges fraud in the first count, piercing the corporate veil under the instrumentality rule in the second count, and piercing the corporate veil under the identity rule in the third count.
On November 12, 2002, Sebastian Traina moved to strike all three counts of the third-party complaint.
 I
The third-party defendant, Sebastian Traina, argues that the first-count complaint alleging fraud, has not stated a legally sufficient cause of action against Sebastian Traina because as an individual, he cannot be held personally liable for any alleged wrongdoing by the corporate plaintiff.
While it is true that an officer of a corporation does not incur personal liability for its torts merely because of his official position, where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby. Scribnerv. O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 160 (1975). It is not necessary to pierce the corporate veil in order to find that an officer is personally liable for the commission of a tort. In a case involving CT Page 3198 fraudulent misrepresentations by an officer of a corporation, our Supreme Court stated: "It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable." Kilduff v. Adams, Inc.,219 Conn. 314, 331-32, 593 A.2d 47 (1991).
The essential elements of an action in fraud are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Kilduff v. Adams, Inc., supra, 219 Conn. 329, citingPaiva v. Vanech Heights Construction Co., 159 Conn. 512, 515, 271 A.2d 69
(1970).
In support of the claim of fraud, Manousos has alleged:
(1) "To induce Manousos to execute the Amendment, Traina Enterprises, acting by and through . . . Sebastian Traina, represented to Manousos that the . . . Amendment Work was outside the scope of the work covered by . . . such initial written contract and . . . the additional cost of the Amendment work was approximately $32,000."
(2) "Such representation was false in that . . . all or portions of the Amendment Work was within the scope of the work covered by such initial written contract, and . . . the actual cost of the Amendment work is less than $10,000";
(3) "Sebastian Traina knew such representation was false at the time he made them."
(4) "In reliance upon such representations, Manousos executed the Amendment to her detriment."
These allegations pertaining to fraud sufficiently state a cause of action whereby the third-party defendant may be held liable in his individual capacity
Motion to strike as to count one is denied.
 II
Sebastian Traina also moves to strike counts two and three of the third-party complaint on the ground that Manousos alleges only legal conclusions that are unsupported by the facts alleged. Specifically, Sebastian Traina argues that Manousos provides no factual basis to meet CT Page 3199 the elements of either the instrumentality and identity rule necessary to support an action that would permit the piercing of the corporate veil to hold Sebastian Traina individually liable.
Our courts will disregard the fiction of a separate legal entity and pierce the shield of immunity afforded by a corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor. Angelo Tomasso, Inc. v. Armor Construction Paving, Inc.,187 Conn. 544, 552 (1982). However, the corporate veil is pierced only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice. Angelo Tomasso,Inc. v. Armor Construction Paving, Inc., supra, 557. Connecticut courts have approved of two situations where the corporate form may be disregarded and a controlling stockholder held liable under an "alter ego" theory: the so called "instrumentality" rule or the "identity" rule. Id., 553; Zaist v. Olson, 154 Conn. 563, 578, 227 A.2d 552 (1967).
Our Supreme Court has consistently held that the instrumentality rule requires proof of three elements: "(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." Angelo Tomasso, Inc. v. ArmorConstruction Paving, Inc., supra, 187 Conn. 553.
In that case the identity rule was also stated as follows: "[i]f plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise." Id., 554.
The concept of piercing the corporate veil is equitable in nature and no hard and fast rule, however, as to the conditions under which the entity may be disregarded can be stated as they vary according to the circumstances of each case. Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., supra, 187 Conn. 555-56. CT Page 3200
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint but must construe the facts in the complaint most favorably to the plaintiff. A review of the second and third counts indicates that they allege legal conclusions rather than the facts sufficient to support the piercing of the corporate veil under either theory. The complaint alleges that Sebastian Traina is the President, sole Director of Traina Enterprises, and that Sebastian Traina and/or spouse is or are its sole shareholder. In Zaist v. Olson, supra, our Supreme Court stated:
The circumstance that control is exercised merely through dominating stock ownership, of course, is not enough . . . There must be such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal.
The complaint further alleges that Sebastian Traina "exerted complete domination of the finances and of its policies and business practice . . . such that the corporate entity of Traina Enterprises as to such matters had at the time no separate mind, will or existence of its own." That allegation is not sufficient. See Leisure Resort Technology, Inc. v.Trading Cove, Superior Court, judicial district of Middlesex at Middletown, Docket No. CV 00 0091180 (October 13, 2000, Gordon, J).
Since there are not sufficient specific facts alleged before this court that would support the application of either "instrumentality" or "identity" rules, permitting this court to disregard the corporate form, the motion to strike counts two and three is granted.
Wagner JTR CT Page 3201