VALENTINA MACRI *vs.* MICHAEL TORELLO ET AL.

Third Judicial District, New Haven, January Term, 1927.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

The essential elements required to sustain an action for deceit or false representation are that the representation was made as a statement of fact; that it was untrue and known to be untrue by the party making it; that it was made for the purpose of inducing the other party to act upon it; and that the party to whom the representation was made was in fact induced thereby to act to his injury.

A representation by a person as to his intention is one of fact.

The defendants' statement to the plaintiff, alleged in the first count of the complaint, that if she would turn over to them a check, they would cash it and, after deducting a sum due them, return the balance to her, constituted an actionable representation, where it was made with a fraudulent intent and in pursuance of a design on their part to deprive her of the entire proceeds of the instrument and did, in fact, produce that result.

The question whether the allegation of the first count and the evidence offered by the plaintiff were also sufficient to sustain a recovery by her for breach of contract, *held* not presented by the record.

In the second count, the plaintiff alleged that before her husband's death, and with the fraudulent intent to deprive her of the proceeds of a policy of insurance upon his life, the defendants forged his signature upon a form for change of beneficiary and thereby, after his death, obtained the avails of the policy. *Held*

that this count stated a valid cause of action and that the evidence supported the verdict rendered in favor of the plaintiff thereon.

Argued January 25th—decided March 2d, 1927.

ACTION to recover damages for alleged fraudulent representations, brought to the Court of Common Pleas for New Haven County and tried to the jury before *Pickett, J.;* verdict and judgment for the plaintiff and appeal by the defendants. *No error.*

*Franklin Coeller,* for the appellants (defendants).

*Louis Feinmark,* with whom was *Dominick W. Celotto,* for the appellee (plaintiff).

CURTIS, J.   The record in this case contains the pleadings, the verdict of the jury, the judgment, and the defendants' motion to set aside the verdict because contrary to and against the evidence, and its denial.

The record does not contain the charge to the jury, or any requests to charge, nor are there any rulings of the court and exceptions upon the admission of evidence, nor rulings upon any pleadings or motions except the one above stated.   There is, therefore, in the record no proceeding that required a ruling as to the fundamental nature of the causes of action set up in the two counts.   Whether the action as to the first count as alleged constitutes an action on false representation or upon a promise (that is, a contract) is left on the record at large.   The briefs of the parties in this case apparently deal with each of the two counts as constituting an action of fraud.   Presumably the trial court so dealt with the case.

The first count alleges these facts: Michael Macri, in January, 1925, took out two life insurance policies on his life in the Prudential Insurance Company of

Macri *v.* Torello.

America, which policies were made payable to the plaintiff, his wife, and he died in June, 1925. The defendants informed the plaintiff that they had paid certain premiums on these policies at her husband's request, which they expected to be repaid from the proceeds of the policies, which proceeds amounted to $585, and the insurance company prepared a check for that sum to the order of the plaintiff to settle these policies.

The plaintiff thereupon called on the defendants with this check in order to pay them the amount of the premiums claimed to have been paid by them. The defendants then, with the fraudulent intent to deprive the plaintiff of all the proceeds of the check, in pursuance of a plan already conceived by them, induced the plaintiff to indorse the check to them, upon their statement that they would cash the check and deduct therefrom the premiums paid by them and give the plaintiff the balance of the check. The defendants cashed the check and upon demand refused to pay any of the proceeds to the plaintiff.

The proof of the above facts amply supports the essential elements to establish an action for deceit or false representation as set forth in *Barnes* v. *Starr* 64 Conn. 136, 28 Atl. 980, and *Bradley* v. *Oviatt,* 86 Conn. 63, 67, 84 Atl. 321, as follows: (1) that a representation was made as a statement of fact; (2) that it was untrue; (3) and known to be untrue by the party making it; (4) and made to induce the other party to act upon it; (5) that the party to whom it was made was induced thereby to act to his injury.

The statement of fact constituting the representation was the statement of the defendants that they would cash the check and pay themselves the amount of the premiums paid by them and give the plaintiff the balance of the amount received. This is, in effect,

a statement of their intention to do so. As is said in Clerk & Lindsell on Torts (7th Ed.) p. 523: "It has been sometimes stated that a misrepresentation as to a person's intention will not suffice, but that view seems to be mistaken. 'The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what. the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else.' " Citing opinion of Bowen, L. J., in *Edington* v. *Fitzmaurice* (1885) L. R. 29 Ch. D. 483. See also Bower on Actionable Misrepresentation, p. 32, *et seq.*; *McLaughlin* v. *Thomas,* 86 Conn. 252, 257, 85 Atl. 370.

The motion to set aside the verdict raises merely the question whether the evidence supports the verdict on the allegations of each count. We are to assume that the court properly instructed the jury, and the refusal of the court to set aside the verdict for the plaintiff indicates that the court was satisfied that the evidence was sufficient.

The defendants' attack upon the verdict, in so far as it relates to the first count, is discussed by them as if the state of the record presented the question to us whether the first count was in fact a count on a promise (contract), or a count upon a false representation, and the claim that if it was an action on a contract it was not capable of being supported by the evidence. That question is not presented on this record. The sole question presented is whether the evidence is such that the jury could reasonably have found the allegations of the first count to have been proved. A careful review of the evidence satisfies us that under the evidence the jury could reasonably have found that the allegations of the first count were proved. There was no error, therefore, in the denial of the motion, in so far as it relates to the first count.

The second count alleges that Michael Macri in September, 1924, took out a policy of insurance on his life in the John Hancock Mutual Life Insurance Company for $372, in favor of the plaintiff, his wife, and that the defendants, fraudulently intending to deprive the plaintiff of the proceeds of the policy after her husband's death, caused, in March, 1925, a false and forged signature of Michael Macri to be affixed to "an assignment of beneficiary form" by which Michael Torello was made a beneficiary of the policy in place of the plaintiff, and he presented it to the insurance company.

After the death of Michael Macri in June, 1925, in pursuance of the above intent, the defendants presented proof of the death of Macri to the insurance company and caused the company to issue a check for the $372 payable to Michael Torello, who indorsed it, and the defendant Theressa Torello cashed it, and the defendants obtained the proceeds. The plaintiff, learning of these facts, demanded the proceeds of the policy of the defendants, which they refused to pay her.

Upon the trial the jury rendered a verdict for the plaintiff on both counts, and the defendants moved to set aside the verdict as against the evidence on each count. This motion the trial court denied.

The only question presented by this record as to the second count is whether under the evidence the jury could reasonably have found that the allegations of the second count were proved.

There is no controversy, nor could there be, that the allegations of the second count constitute a valid cause of action, and a survey of the evidence discloses that it is amply sufficient to support the verdict upon this count. Upon the trial it appeared that the defendants offered no evidence as to any premiums paid

by them on the policies set up in the first count, but that they claimed that they were justified in retaining the whole amount collected because of an indebtedness of the plaintiff to them. There was, however, no pleading under which such a claim could be supported. Under the whole record, the verdict and judgment as rendered should stand.

There is no error.

In this opinion the other judges concurred.