THE 99 PRATT STREET CORPORATION *v.* STAND REALTY CORPORATION

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 132165

Memorandum filed May 18, 1966

*Ress & Fink,* of Hartford, for the plaintiff.

*Kopkind & Flynn, Herman M. Levy,* and *Gilbert M. Galer,* of New Haven, for the defendant.

PALMER, J. The defendant's counterclaim alleges that prior to October 29, 1962, the plaintiff had leased premises in Hartford to certain lessees for the term beginning September 1, 1947, and ending August 31, 1968. On October 29, 1962, the lessees, with the written approval and consent of the plaintiff, assigned to the defendant their interest in the lease and to a security deposit of $100,000 which had

been deposited with the plaintiff under the terms of the lease. On October 29, 1962, the defendant agreed with the plaintiff to pay the rents payable to the plaintiff, and to perform all the terms of the lease in consideration for the assignment. The plaintiff brought action to evict the defendant from the leased premises and took possession of the premises on January 23, 1963, and has held possession since that time, receiving the entire rents, profits, income, proceeds and benefits from the premises. The defendant further alleges that by virtue of the foregoing the plaintiff intended to terminate, and did terminate the lease, and both plaintiff and defendant terminated the lease. The defendant claims to be entitled to the security deposit of $100,000.

As a special defense to the counterclaim, the plaintiff alleges that in order to induce the plaintiff to agree to an assignment of the lease, the defendant and the original lessees who assigned to the defendant falsely and fraudulently represented to the plaintiff that defendant was a bona fide operating corporation which was authorized to do business in this state and intended to operate the leasehold, to pay the rentals and to carry out the other obligations of the lease. The representations so made were false and fraudulent, as the defendant knew, and the defendant made the same for the purpose of inducing the plaintiff to accept the assignment and to release the original lessees from the lease, and to recognize the defendant as the owner of the security deposit, thereby placing a sham, judgment-proof corporation not authorized to do business in this state in possession of the premises, which corporation, it knew, had no right or intention to operate the leasehold or pay the monthly rentals. The plaintiff relied on false and fraudulent representations and, believing them to be true, accepted the assignment of the lease to the defendant. The special defense further

alleges that the defendant paid nothing for the assignment and paid no rent under the lease, but by prior design and plan collected and unlawfully retained all of the rents paid by the subtenants for three months. The plaintiff elected to rescind its consent to the assignment and therefore asserts it is of no force or effect and the defendant is not entitled to the security deposit.

The defendant demurs to the special defense on the grounds that (1) the allegations of fraud are insufficient because they do not relate to existing facts; (2) lack of consideration for the assignment of the lease is no defense; and (3) withdrawal of consent to the assignment cannot terminate it.

The special defense to the counterclaim, taken as a whole, alleges the defense of fraud, that is, that the plaintiff was induced to consent to the assignment by fraudulent misrepresentations, and the basic question here is whether this defense of fraud is a good one. "The principle is often stated . . . that fraud destroys the validity of everything into which it enters, and that it vitiates the most solemn contracts, documents, and even judgments." 23 Am. Jur. 770, Fraud and Deceit, § 19.

The defendant argues that the misrepresentation must relate to a past or existing fact. The special defense specifically alleges misrepresentations of existing facts, such as the representation that defendant was a bona fide operating corporation authorized to do business in this state and was legally qualified in this state. The alleged misrepresentations that defendant did not intend to operate the leasehold or pay the monthly rentals relate to an existing fact, that is, a present intention not to operate the leasehold and not to pay the rentals in the future, and does not relate to an act to be done

in the future. A representation by a person as to his intention is one of fact. *Macri* v. *Torello,* 105 Conn. 631, 634.

The special defense alleges (1) representations of facts were made; (2) they were untrue; (3) they were known to be untrue by the defendant; (4) they were made to induce the plaintiff to act upon them; and (5) the plaintiff was induced thereby to act to its injury. These allegations are sufficient to set forth a good defense of fraud. *Macri* v. *Torello,* supra, 633.

The defendant is mistaken in its argument that the plaintiff has attempted to interpose the defense of lack of consideration for the assignment of the lease. The assertion that the defendant paid no consideration for the assignment is no more than a part of the plaintiff's narrative. It is an appropriate allegation to be set forth in a defense of fraud.

The defendant apparently mistakes the purpose of the statement of the plaintiff that it elected to rescind its consent to the assignment. When read in context it is not asserted as a defense to the counterclaim but rather is a part of the plaintiff's election to declare the assignment null and void because of the defendant's fraud. "It is fundamental in the law of contracts that an agreement induced by fraud is voidable and not void." 23 Am. Jur. 770, Fraud and Deceit, § 19.

The defendant's demurrer to the special defense to the counterclaim is overruled.