STANLEY J. ADAMOWICZ *v.* MICHAEL STEVENS ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 15-666-7686

Argued January 20—decided February 28, 1969

*John F. Walsh,* of New Britain, for the appellant-appellee (plaintiff).

*Alan I. Scheer,* of Meriden, for the appellee-appellant (defendant D'Agostino).

DiCenzo, J. The plaintiff brought this action in two counts. The first count alleged fraud in the sale and delivery of carpeting, and the second count alleged a breach of contract in the refusal to pay for the carpeting. Since no motions were made to correct the finding, the assignments of error alleging that certain facts were improperly found cannot be considered, and the court's conclusions must be tested by its finding. Practice Book § 981; *Fellenbaum* v. *Markowski,* 4 Conn. Cir. Ct. 363, 365.

The court found the issues for the defendants on the first count and for the plaintiff on the second count on the following finding of facts and conclusions. The defendant D'Agostino was the owner and operator of a motel in Meriden. On May 10, 1966, the defendants visited the plaintiff's place of business to purchase carpeting and supplies for D'Agostino's motel. The carpeting was to be installed by the defendant Stevens. The order was made out to Stevens for an agreed price of $2103.54, to be paid cash on delivery to the motel. The price and terms of sale were negotiated by Stevens. The order form made out to Stevens provided for a 1 percent per month finance charge together with reasonable attorney's fees and court costs. This order form was signed by Stevens. The following day, the plaintiff's employee delivered the carpeting and other supplies to the motel; he had instructions to deliver them only on payment in cash. On his arrival at

the motel, only D'Agostino was present. The plaintiff's employee refused to leave the carpeting without payment. Thereafter, D'Agostino talked to the plaintiff on the telephone and stated that he did not have the check available but expected to get to the bank that day and would mail the plaintiff the check in payment. On the basis of D'Agostino's promise, the plaintiff instructed his employee to make delivery of the materials and supplies. Later in the day, the plaintiff went to the motel and requested payment from D'Agostino. At this time D'Agostino told the plaintiff that he had already paid Stevens. On May 12, 1966, the plaintiff's employees returned to the motel for the purpose of picking up the carpeting and materials, which had not yet been used, but were prevented from doing so under threat of arrest by D'Agostino. D'Agostino had the carpeting installed by someone other than Stevens and has never paid the sum of $2103.54 to the plaintiff. The court concluded that the plaintiff failed to prove his allegations of fraud in the first count and accordingly found for the defendants on that count. The court further concluded that D'Agostino obligated himself to pay and became liable when he promised the plaintiff a check in payment if delivery was made, and that a new and binding agreement obligated D'Agostino to pay for the carpeting and materials. The court also concluded that D'Agostino was not liable for the 1 percent per month finance charge and reasonable attorney's fees because D'Agostino did not agree to pay these items. Accordingly, the court entered judgment for the plaintiff in the sum of $2103.54, with interest at 6 percent per annum in the sum of $220.87.

The plaintiff assigns error in that the court failed to find fraud on the first count, to find for the plaintiff on the recovery of finance charges of 1 percent per month and reasonable attorney's fees on the

second count, and to find punitive damages, including attorney's fees, on the first count. We consider these assignments in the order stated.

In an action for fraud and deceit, it is essential "that the representation was made as a statement of fact; that it was untrue, and known to be untrue by the party making it; that it was made for the purpose of inducing the other party to act upon it; and that the party to whom the representation was made was in fact induced thereby to act to his injury. All of these ingredients must be found to exist; and the absence of any one of them is fatal to a recovery." *Bradley* v. *Oviatt,* 86 Conn. 63, 67; *Helming* v. *Kashak,* 122 Conn. 641, 642. Fraud is not to be presumed, but must be strictly proven; the evidence must be clear, precise and unequivocal. *Burley* v. *Davis,* 132 Conn. 631, 634. To create the basis for an action in misrepresentation which will be sufficient to strike down a contract, there must be a definite, conscious intent not to pay. *Morrill* v. *Blackman,* 42 Conn. 324, 327. "The intention of the promisor not to perform cannot be established by proof of nonperformance only . . . ." *Flaherty* v. *Schettino,* 136 Conn. 222, 226. Although the court made no specific finding on the elements of fraud, the finding does not disclose any subordinate fact which would justify a conclusion that the plaintiff was not to receive payment, or that at the time D'Agostino made his statement he knew that the plaintiff would not receive a check in payment. Nowhere in the finding is there a subordinate fact that would justify a conclusion that D'Agostino had no intention to pay. Thus a necessary ingredient in such an action is lacking, and a judgment in fraud cannot be entered. The plaintiff urges upon us the case of *Macri* v. *Torello,* 105 Conn. 631, in support of his claim. The facts in the *Macri* case are not analogous to the finding in the instant case. In the

*Macri* case, it was ascertained that the defendants never intended any moneys to get to the plaintiff. There are no subordinate facts in the finding in the present case which support such a conclusion.

The plaintiff also assigns error in that the court failed to find for him on the question of the recovery of finance charges of 1 percent per month and reasonable attorney's fees. This assignment is of no merit for the reason that the court specifically found that D'Agostino did not agree to pay these items.

The plaintiff next assigns error in the court's failure to find punitive damages, including attorney's fees, against the defendants. It is clear that such damages as well as general and special damages may be recovered in an action based on fraud. *Brower* v. *Perkins,* 135 Conn. 675, 680; *Lee* v. *Blessing,* 131 Conn. 569; *Bennett* v. *Gibbons,* 55 Conn. 450, 452; 25 C.J.S. 731, Damages, § 41. However, in the view we take of the plaintiff's claimed error on the fraud count, this assignment is without merit.

With regard to D'Agostino's appeal, all five of his assignments of error relate to questions of fact and would require a retrial of the case by this court. We cannot do this. *Beneficial Finance Co.* v. *Crane,* 4 Conn. Cir. Ct. 627, 629.

D'Agostino argues that his promise to pay is unenforceable as being within the Statute of Frauds. This argument is not supported by the finding. The court found specifically that a new agreement between the plaintiff and D'Agostino had been reached. In the view of the court, this was an original undertaking on the part of D'Agostino, and, when the plaintiff consented to leave the carpeting and materials, there was a complete performance on the part of the plaintiff. D'Agostino urges upon us *Mazzotta* v. *Gora,* 19 Conn. Sup. 96. The facts in

the *Mazzotta* case are not analogous to the facts in the instant case. In *Mazzotta,* the court expressly found that the statement, "I'll see that you will get your money," was never intended by the maker as meaning that she would become primarily liable, and therefore the case was within the Statute of Frauds. There is no such finding in the present case. Here, the court found specifically that the plaintiff performed as the result of D'Agostino's promise that the check in payment would be mailed; and that a new and binding agreement resulted. The Statute of Frauds is a good defense if the oral promise of D'Agostino was "any special promise to answer for the debt, default or miscarriage of another." General Statutes § 52-550. The statute is not a defense if the promise by D'Agostino was an original undertaking. " 'Fundamentally the distinction between a contract which falls within the condemnation of the statute of frauds and one which does not is that the former is a collateral undertaking to answer in case of a default on the part of the obligor in the contract, upon whom still rests the primary liability to perform, whereas in the latter the obligation assumed is a primary one that the contract shall be performed.' " *Grillo* v. *Cannistraro,* 147 Conn. 1, 5. D'Agostino's argument in this respect is without merit.

An examination of the evidence discloses ample support for the court's finding of facts and conclusions.

There is no error.

In this opinion Kosicki and Jacobs, Js., concurred.