BRUCE H. CROWTHER ET AL. *v.* ROBERT J. GUIDONE ET AL.

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued January 14—decision released April 14, 1981

*Pasquale Young* and *Patrick B. Dorsey,* for the appellants (defendants).

*Joseph J. Sensale,* for the appellees (plaintiffs).

WRIGHT, J.    The defendants sold a seven acre parcel of land in North Branford to the plaintiffs, representing that it was zoned R-40 (residential). At the time of the sale the land was actually zoned "Water Reserve," where dwellings were not a permitted use.  The plaintiffs then brought this action for misrepresentation and were awarded $16,940. The defendants have appealed.

The pertinent facts are contained in the trial court's memorandum of decision.  See Practice Book § 3060B.  In early November, 1975, the plaintiffs met with the named defendant, Robert J. Guidone, on the subject property and walked its boundaries.  The property was accessible only by

a long unimproved road and was bounded on three sides by forest land owned by a water company. During the negotiations between the parties, Guidone stated for himself and as agent for the other defendants that the property was zoned R-40, although he knew that this was not true. When the defendants purchased the property in 1974, they paid $3500. In February, 1975, the plaintiffs paid $26,500 for the same property. They bought the land with the intention of building a house on part of the parcel and subdividing and selling the remaining land.[1]

The subject property was rezoned in September, 1977, and classified as a water supply with an R-80 underlay. In such a zone, a single family dwelling is permitted on a minimum lot size of ten acres. By special permit a dwelling may be built on less than ten acres. The plaintiffs never sought any special permit, zone change or use variance.

From these facts, the court concluded that the defendants were liable to the plaintiffs for knowingly making a factual misrepresentation which was intended to induce the plaintiffs to act. Finding that the plaintiffs did act on the misrepresentation to their injury, the court calculated damages on the basis of the expert testimony before it in the total amount of $16,940. The defendants claim that the court made two errors with respect to liability and two errors with respect to damages.

Concerning liability, the defendants first argue that the court erred when it admitted into evidence certain statements, attributed to the defendants, to the effect that the plaintiffs could subdivide the sub-

[1] Only 40,000 square feet per building lot is required in an R-40 zone.

ject property. These statements are claimed to be beyond the scope of the pleadings because the only misrepresentations alleged in the complaint are (1) that the property was zoned R-40 and (2) that a dwelling could be built thereon. We find no material variance between the allegation that Guidone stated that the property was zoned R-40 and the proof that he suggested that the property could be subdivided. See *Taylor* v. *Corkey,* 142 Conn. 150, 152–53, 111 A.2d 925 (1955).

The defendants also maintain that no actionable fraud was proven in this case because the plaintiffs did not rely solely on the bare statement that the property was zoned R-40, but rather relied also on Guidone's statements concerning the legal implications of that status, specifically that a dwelling could be built and the property could be subdivided. The defendants characterize these statements as representations of law rather than representations of fact and, because an actionable fraudulent misrepresentation must consist of a statement of fact, they contend that the plaintiffs may not recover. By their formulation of this issue, the defendants attempt to introduce a new dimension into the law of fraudulent misrepresentation.

It is true that our cases have consistently required that, as one element of fraudulent misrepresentation, a representation be made as a statement of fact. *Miller* v. *Appleby,* 183 Conn. 51, 54, 438 A.2d 811 (1980); *Paiva* v. *Vanech Heights Construction Co.,* 159 Conn 512, 515, 271 A.2d 69 (1970); *Helming* v. *Kashak,* 122 Conn. 641, 642, 191 A. 525 (1937); *Macri* v. *Torello,* 105 Conn. 631, 633, 136 A. 479 (1927); *Bradley* v. *Oviatt,* 86 Conn. 63, 67, 84 A. 321 (1912); *Barnes* v. *Starr,* 64

Conn. 136, 150, 28 A. 980 (1894). To require the representation to be made as a statement of fact, however, is quite different than to require that the statement be factual as opposed to legal. The former requirement focuses on whether, under the circumstances surrounding the statement, the representation was intended and understood as one of fact as distinguished from one of opinion. See *National Conversion Corporation* v. *Cedar Building Corporation,* 23 N.Y.2d 621, 627–28, 246 N.E.2d 351 (1969); Prosser, Law of Torts (4th Ed.) § 109, p. 725. The latter inquiry in which the defendants would have us engage seeks to erect a barrier to shield from liability those defendants whose misrepresentation happens to concern the law. We decline to license such deceit.

Considered in context, Guidone's statement that the plaintiffs could build a house on the subject property and then divide the parcel, selling the balance of the property to others, clearly was made as a statement of fact. As the trial court found, Guidone was an experienced real estate salesman who had extensive knowledge of the zoning regulations of North Branford. Thus, when he made the misrepresentation, he did not merely venture either an opinion or an interpretation of the law. He indicated that he knew, as a fact, that a certain use was permissible under the applicable zoning regulations. The trial court correctly allowed the plaintiffs to recover because the misrepresentation was made as a statement of fact.

With respect to damages, the defendants make two claims. First, they argue that the plaintiffs should have been required to mitigate their damages by seeking a zoning variance or special permit

so that they could build a home on the property. There was evidence that a variance or special permit that would enable the plaintiffs to build one house on the property was easily obtainable. This claim is squarely met by the trial court's action in measuring damages, whereby it fixed the actual value of the land by considering "the high probability of being able to build one residence on the subject property." Thus, the plaintiffs did not recover any additional damages on the basis of their failure to obtain a variance or special permit.

Finally, the defendants claim that the court erred in calculating damages. The defendants concede that the proper measure of damages in the present case is "the difference in value between the property actually conveyed and the value of the property as it would have been if there had been no false representation, i.e., 'the benefit of the bargain' damages, together with any consequential damages resulting directly from the fraud." *Miller* v. *Appleby*, supra, 57. See Restatement (Second), Torts § 549. Stated another way, the plaintiffs are entitled to the difference between the actual value of the property and its value had it been as represented. *Richard* v. *A. Waldman & Sons, Inc.*, 155 Conn. 343, 348–49, 232 A.2d 307 (1967); *Gustafson* v. *Rustemeyer*, 70 Conn. 125, 134–37, 39 A. 104 (1898). The testimony at trial was conflicting with respect to the actual value of the subject property at the time of the sale. The defendant Guidone testified in an expert capacity that it was worth $27,000. The plaintiffs' expert, on the other hand, fixed a value of $4500 on the property. The court concluded that it was worth $10,650. In arriving at this figure, the court computed the value of a one acre building lot and six acres of open space.

The defendants now argue that the only proper approach toward valuation would be to ascertain the value of a seven acre building lot. "In arriving at the value of property, no one method is controlling, and there is no rule of law that any particular method of valuation must be followed. It is a matter of opinion based on all the evidence and, at best, is one of approximation. It is a question of judicial discretion from all the evidence whether the plaintiffs' expert witnesses specifically should have made a study of comparable sales of other properties similar in nature." *Richard* v. *A. Waldman & Sons, Inc.*, supra, 348. On the basis of all the testimony concerning valuation, we cannot say that the trial court's determination was clearly erroneous. See Practice Book § 3060D.

There is no error.

In this opinion the other judges concurred.