[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On November 19, 1990, the plaintiff, Norwalk Savings Society filed a one count complaint against the defendants, Florence Krondes, William O'Boy, and the Connecticut Bank Trust.[1] The plaintiff alleges that it loaned $200,000 to Krondes and that she is now in default on that loan. The plaintiff is seeking to foreclose a mortgage on certain property owned by Krondes which secured the loan.
Krondes filed an answer and special defenses in which she alleged that the plaintiff had committed fraudulent misrepresentation and nondisclosure; negligent misrepresentation; unconscionability; and breach of implied covenant of good faith and fair dealing. The plaintiff filed a motion to strike the special defenses. On June 7, 1994, the court, Pittman, J.,
granted the motion to strike, stating that "[t]he special defenses are insufficient as a matter of law since they essentially allege silence by the bank, and do not allege that the bank made any statement or representation to the defendant at all. Further one cannot infer a duty of the bank to disclose information to the defendant through any fiduciary relationship or otherwise."
Thereafter, Krondes filed a substitute answer and special defenses alleging fraudulent misrepresentation and nondisclosure; negligent misrepresentation; unconscionability; breach of implied covenant of good faith and fair dealing; and breach of fiduciary duty.
The plaintiff filed a motion to strike the substitute special defenses on the grounds that Judge Pittman's order is the law of the case, the special defenses are improper defenses to a foreclosure action, and the special defenses are substantially similar to claims raised by Krondes in a separate pending action.
A motion to strike may be used to test the legal sufficiency of the allegations of any special defense. Practice Book § 152(5).[2] "`In ruling on a motion to strike, the court is CT Page 191 limited to the facts alleged in the complaint.'" Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). Furthermore, "`[t]he court must construe the facts in the complaint most favorably to the plaintiff.'" Ibid. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).[3]
 I.
The plaintiff first moves to strike Krondes' substitute special defenses on the ground that the court's order granting the motion to strike the previous special defenses is the law of the case and, therefore, bars the substitute special defenses.
The previous order by the court, Pittman, J., stated that since the special defenses merely alleged silence by the bank, the special defenses were improper. The court, Pittman, J., ruled that the bank owed no duty to disclose information to Krondes.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked . . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . ." (Citations omitted; internal quotation marks omitted.)Rosenblit v. Danaher, 206 Conn. 125, 132, 537 A.2d 145 (1988). "[T]he law of the case doctrine is not one of unbending rigor . . . . A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision." (Internal quotation marks omitted.) Id., 132-33.
In her substitute special defenses, Krondes alleges that the plaintiff made certain affirmative misrepresentations regarding the seller's ability to meet their obligations of renovating the Isaac Street building and obtaining the necessary permits and certificates of occupancy. The previous special defenses did not allege affirmative misrepresentations, but merely alleged nondisclosure on the part of the plaintiff. Since the court's previous ruling was based on special defenses that contained different allegations, the law of the case doctrine is applicable.[4]
CT Page 192
 II.
The plaintiff argues next that the special defenses are substantially similar to Krondes' claims in another action filed in this court. "`In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading sought to be stricken].'" Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 215. A motion to strike that imparts facts outside the pleadings is a "speaking motion to strike" and will not be granted. Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83, 415 A.2d 771 (1979). Since the court may not consider facts outside of the pleadings, the court may not judicially notice the other pending action to determine whether the claims are substantially similar to those here. Therefore, the motion to strike on this ground is denied.
 III.
The plaintiff argues next that the special defenses are not legally sufficient defenses to a foreclosure action.
Special defenses generally require "the pleading of facts which are consistent with the plaintiff's statement of facts, but show, nevertheless, that it has no cause of action . . . ."Northeast Savings, F.A. v. Dunst, Superior Court, Judicial District of Stamford-Norwalk, No. 117332 (6 Conn. L. Rptr. 333) (April 15, 1992, Nigro, J.). Judge Fuller has observed that "[t]here are only limited defenses available at common law to a mortgage foreclosure action, such as payment, discharge, release or satisfaction, or the invalidity of the lien itself. . . . In rare cases, foreclosure can be withheld or the amount of the stated indebtedness can be reduced on equitable principles. . . ." (Citations omitted.) Dime Savings Bank v. Fucetola, Superior Court, Judicial District of Fairfield, No. 286416 (9 CSCR 303) (February 25, 1994). Equitable defenses are available in an action to foreclose a mortgage since "`[f]oreclosure is peculiarly an equitable action.'" City Savings Bank v. Lawler, 163 Conn. 149,155, 302 A.2d 252 (1972).[5] The supreme court has held "if the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had." Boretz v. Segar, 124 Conn. 320, 324, 199 A.2d 548 (1938). It is fraud with which Krondes' special defenses are primarily concerned. CT Page 193
In the present case, all five special defenses are based on the same factual allegations. Krondes alleges the contracts for purchase of the subject property called for certain renovations to be done by the defendant O'Boy, including the renovation and construction of a third floor on the premises. She claims that "for years" the plaintiff had maintained a close working relationship with O'Boy. Krondes alleges that she "specifically asked certain employees of the plaintiff . . . whether she should be concerned about the integrity, honesty and ability of [O'Boy and the other] sellers of the property to meet their obligations for construction, renovation and obtaining the necessary permits and certificates of occupancy." She claims that "[r]epresentatives and agents of the plaintiff . . . affirmatively misrepresented to . . . [her] that she had nothing to worry about and that they were unaware of any facts that would give the defendant reason to believe that the O'Boys would not or could not carry out their obligations." However, she alleges that this was a fraudulent inducement and misrepresentation because the plaintiff knew, inter alia, "[t]hat the O'Boys had received frequent cease and desist orders and notices of zoning violations and building violations from various officials with the City of Norwalk, including cease and desist orders for the construction and renovation of a third story on the subject premises" and "[t]hat the O'Boys were proceeding with construction in defiance of certain outstanding cease and desist order [sic] against such construction." The plaintiff also claims that enforcement of the mortgage would be unduly oppressive and unconscionable because of these facts.
The elements of a claim of fraudulent misrepresentation "are that a false representation was made as to a statement of fact, that it was untrue and known to by the [maker] to be untrue, that it was made to induce the [others] to buy the realty, and that they acted upon the false representation to their detriment."Kavarco v. T.J. E., Inc., 2 Conn. App. 294, 296, 478 A.2d 257
(1984). To be sure, Krondes' defenses raise substantial issues as to each of these elements, as well as whether the plaintiff could be liable for a fraudulent misrepresentation made by its agent. See, e.g., Colvin v. Peck, 62 Conn. 155, 159-160, 25 A. 355
(1892). Still, "[i]t is axiomatic that, in passing on a motion to strike . . ., we must take the facts alleged favorable to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Schmidt v.Yardney Electric Corporation, 4 Conn. App. 69, 74, 492 A.2d 512
(1985). Under this standard, Krondes' special defenses pass CT Page 194 muster; see Crowther v. Guidone, 183 Conn. 464, 441 A.2d 11
(1981); and are more appropriately tested pretrial by a motion for summary judgment after appropriate discovery.
The motion to strike is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court