[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants have moved to strike eight of the ten count amended complaint on the ground that each count fails to allege a cause of action.
FACTUAL BACKGROUND
On July 14, 1994, the plaintiffs, Bernard and Leah Goldwater, filed a ten count amended complaint against the defendants, Ollie's Garage, c/o Mary Bouteiller, and Lawrence Wild, for the sale of an allegedly defective Dodge camper. According to the facts alleged in the complaint, in July 1992, the plaintiffs purchased a 1976 Dodge Coach Camper from the defendant Ollie's Garage for $9,000.[1]
The plaintiffs allege that Ollie's Garage is a used car dealership licensed under the laws of the state of Connecticut. The plaintiffs maintain that Ollie's Garage, through its agents, represented that the camper was in excellent condition, fit for use and had been serviced by the garage since the vehicle was new. The plaintiffs allege that, in fact, the camper was unsafe and unfit for operation, and they enumerate various mechanical defects.
Count one alleges that the acts of the defendants constituted fraud. Count two alleges a violation of General Statutes § 42-225(a), which states that "[n]o dealer may make any false, misleading or deceptive statements about the condition or history of any used motor vehicle offered for sale." Count three alleges a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b. Count four alleges that the defendants CT Page 6761 violated General Statutes § 42a-2-602, the portion of the Uniform Commercial Code which governs the manner and effect of a buyer's rightful rejection of goods. The plaintiffs claim that they revoked their acceptance and the defendants wrongfully refused to accept the revocation.[2] Count five alleges that the defendants violated General Statutes § 42a-2-608, which governs a buyer's revocation of acceptance. Again, the plaintiffs claim that they revoked their acceptance and the defendants wrongfully refused to accept the revocation. Count six alleges that the defendants breached the implied warranty of merchantability set out in General Statutes § 42a-2-314. Count seven alleges that the defendants breached an express warranty under General Statutes § 42a-2-313. Count eight alleges that the defendants breached the implied warranty of fitness for a particular purpose under General Statutes § 42a-2-315. Count nine alleges that the defendants failed to act in good faith as required by General Statutes § 42a-1-203. Count ten is identical to count nine.
On November 17, 1994, the defendants filed a motion to strike counts one, four,[3] five, six, seven, eight, nine and ten of the amended complaint on the ground that the counts are legally insufficient for failure to state claims upon which relief can be granted. On December 2, 1994, the plaintiffs filed their objections to the defendants' motion to strike. The arguments of the parties are set out in detail below.
LEGAL DISCUSSION
1. Count One.
The defendants claim that the first count should be stricken because it does not set forth a legally sufficient cause of action for fraud. The defendants claim that to constitute fraud the defendants must have made a misrepresentation of fact. They claim that the statements specified in the complaint are merely opinions. The complaint alleges that the defendants represented that the camper was in "excellent condition," and "suitable and fit for use." (Amended complaint, count 1, para. 3). The defendants contend that these statements, even if proven, would not constitute fraud and, therefore, the motion to strike count one should be granted.
The plaintiffs argue that the alleged statements are representations of fact. In opposing the defendants' motion, the plaintiffs rely on the principle that the motion to strike admits all well-pleaded allegations and the complaint should be construed CT Page 6762 favorably to the plaintiff.
The essential elements of an action in fraud are "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Miller v. Appleby,183 Conn. 51, 54-55, 438 A.2d 811 (1981). An actionable fraudulent misrepresentation must consist of a statement of fact. Crowther v.Guidone, 183 Conn. 464, 467, 441 A.2d 11 (1981). The requirement that the representation must be one of fact "focuses on whether, under the circumstances surrounding the statement, the representation was intended and understood as one of fact as distinguished from one of opinion." Id., 468.
Under this analysis, the alleged representations may have been intended by the defendants and understood by the plaintiffs as statements of fact regarding the condition of the vehicle. Thus, the alleged representations are sufficient to withstand a motion to strike for failure of to state a legally sufficient cause of action for fraud.[4]
2. Count Four.
The plaintiffs have conceded in their memorandum that count four of the amended complaint "can be stricken as buyer accepted the goods." (Memorandum Of Law In Opposition To Motion To Strike, p. 3). Count four will be ordered stricken by agreement.
3. Count Five.
In the fifth count, the plaintiffs claim the defendants violated General Statutes § 42a-2-608[5] by refusing to allow the plaintiffs to revoke their acceptance of the camper. The defendants move to strike count five on the ground that the statute does not provide a basis for a cause of action against a seller. The plaintiffs argue that the statute does not state that the seller cannot violate the statute and therefore the motion to strike should be denied.
Section 42a-2-608 provides a buyer's remedy for nonconforming goods. It permits a buyer to revoke acceptance of goods and delineates the method by which a buyer may do so. The statute does not establish a basis for a cause of action against the seller. Accordingly, the fifth count is legally insufficient and must be CT Page 6763 stricken.
4. Count Six.
The defendants move to strike the sixth count arguing that the alleged breach of the implied warranty of merchantability under General Statutes § 42a-2-314 is insufficient because the plaintiffs have not alleged acceptance of the vehicle and notification of its defects. To support their assertion that before an action for breach of warranty can be maintained there must be acceptance of the goods and notice to the seller, the defendants cite General Statutes § 42a-2-607(3). That section states "[w]here a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy . . . ." The plaintiffs maintain that they have alleged acceptance and that they are not required to allege notice.
"Causes of action which arise under a statute must comply with the pleading requirements applicable to the statute." BenchmarkBuilding v. United Builders Supp., Superior Court, judicial district of Middlesex at Middletown, Docket No. 62896 (May 29, 1992, Austin, J.), citing Senior v. Hope, 156 Conn. 92, 98,239 A.2d 486 (1968). "It is the obligation of a . . . plaintiff . . . as to any cause of action to set forth facts constituting each of the necessary elements of the cause of action in the complaint."Davis v. Acme Pest Control, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 039612 (January 25, 1994, Flynn, J.).
In Benchmark, the court addressed the issue of whether the plaintiff must allege notice in a breach of implied warranty case. The defendant moved to strike the plaintiff's complaint on the ground that the plaintiff failed to meet the statutory requirements applicable to the breach of warranty claims by failing to allege notice as required by General Statutes § 42a-2-607. Noting that Connecticut has not directly addressed whether the notice provision of 42a-2-607(3) is a condition precedent to asserting a breach of warranty claim,[6] the court stated that "[j]urisdictions outside Connecticut uniformly hold that a failure to plead compliance with the notice provisions of their versions of 42a-2-607(3) bars recovery in a breach of warranty action.[7]" Id. On this basis, the court granted the motion to strike holding that the counts alleging breach of warranty were legally insufficient for failure to allege notice. See also Superior Wire Paper Products, Ltd. v. TalcottCT Page 6764Tool Machine, Inc., 184 Conn. 10, 13-14, 441 A.2d 43 (1981) (stating that a buyer is required to give timely notice to the seller whether he seeks damages for the nonconformity of goods accepted or he seeks recovery of the purchase price upon revocation of acceptance.).
Count five of the complaint does not allege notice; thus, it does not set forth a legally sufficient claim of breach of warranty and must be stricken.
5. Count Seven.
Count seven alleges that the defendants breached an express warranty under General Statutes § 42a-2-313. The plaintiffs allege that the defendants expressly warranted that the camper was in "excellent condition" because they serviced the camper since it was new. (Amended Complaint, count 7, para. 5). The defendants contend that these words are insufficient to create an express warranty as a matter of law, citing Web Press Services v. NewLondon Motors, 203 Conn. 342, 525 A.2d 57 (1987). The plaintiffs argue that whether the assertions create an express warranty is a question of fact and should not be decided on a motion to strike.
General Statutes § 42a-2-313 provides in part that "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." The statute recognizes that some statements of sellers are merely "puffing" and do not create express warranties.[8] Web Press Services Corp. v. New LondonMotors, Inc., supra, 203 Conn. 351. The court in Web acknowledged that "the question of whether an express warranty exists is one of fact" and listed several factors helpful in making that factual determination. Id., 351-52. After considering these factors, theWeb court held that the trial court's finding that statements by a seller that a used motor vehicle was "excellent', and in "mint" condition did not create an express warranty was not clearly erroneous. Id., 352.
Whether the statements in the present action maybe construed as an affirmation of fact or a promise sufficient to create an express warranty is a question of fact. The defendants argument that the words alleged are insufficient as a matter of law to create an express warranty is unconvincing. As drafted, the seventh count contains the necessary elements of a cause of action CT Page 6765 for breach of express warranty. Construing the allegations in count seven most favorably to sustaining its legal sufficiency, the motion to strike must be denied.
6. Count Eight.
Count eight alleges that the defendants breached the implied warranty of fitness for a particular purpose under General Statutes § 42a-2-315. Paragraph five states that the camper was purchased for the "particular purposes of being able to drive long distances and use the same for sleeping/living quarters when away from hom.e [sic]" (Amended complaint, count 8, para. 5). The defendants maintain that this constitutes the ordinary purpose for which a camper is used and therefore count five should be stricken for failure to state a claim for breach of the implied warranty of fitness for a particular purpose.
In Schenck v. Pelkey, 176 Conn. 245, 255, 405 A.2d 665, 671
(1978), the court stated that "[a] dealer who sells articles which ordinarily are used in only one way impliedly warrants fitness for use in that particular way. The warranty is one of merchantability." Id. "Where a product has one use and one use only, the implied warranty of fitness for a particular purpose merges with the implied warranty of merchantability." TufanoMotorcar, Inc. v. Equipment and Resources International Ltd.,
Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 446810S (September 12, 1994, Lavine, J.).
In the present action the plaintiffs have not alleged a particular purpose for which they would use the camper other than the ordinary purpose for which a camper is used. Accordingly, the eighth count fails to sufficiently allege a breach of the implied warranty of fitness for a particular purpose and must be stricken.
7. Counts Nine and Ten.
In counts nine and ten the plaintiffs allege that the defendants breached the duty of good faith in accordance with General Statutes § 42a-1-203.[9] That section states that "[e]very contract or duty within this title [Title 42a] imposes an obligation of good faith in its performance or enforcement." The defendants move to strike count nine because they claim that none of the allegations relative to the defendants' conduct involve performance or enforcement under a contract. The plaintiffs maintain that the duty of good faith applies to all actions, CT Page 6766 including actions for breach of warranty, and the allegations are sufficient to maintain a cause of action for breach of this duty.[10]
The plaintiffs assertions concerning the defendants' lack of good faith relate to the negotiations between the parties for the sale of the camper. There is a split of authority on whether the duty applies to the period preceding the contract. In Ruitto v.Crowley and Holmes, Superior Court, judicial district of Middlesex, Docket No. 64775 (June 22, 1993, Walsh, J.), the court held that the duty of good faith under the Uniform Commercial Code applies to the pre-contract period. The court stated that § 42a-1-201(19), which defines good faith in the context of "conduct or transaction," does not limit good faith to performance of a contract.
There is, however, authority for the proposition that the duty of good faith applies to the performance or enforcement of an existing contract. See, e.g., Winsted Savings Bank v. Salmon BrookProperties, Inc., 7 CSCR 91, 92 (November 26, 1991, Hennessey, J.) (stating that "[i]n order for the defendant to sufficiently allege a violation of good faith, it must allege contract provisions that the plaintiff breached."); Union Trust Co. v. 714 Main Associates,
Superior Court, judicial district of New Haven, Docket No. 312088 (January 6, 1993, Healey, S.T.R.) (stating that "[t]he application of the covenant of good faith and fair dealing occurs when there is already a contract, i.e., an enforceable obligation because the implied covenant is derivative, that is, it does not create or supply new contract terms but grows out of existing ones.") (Internal quotation marks omitted.); General Statutes Annot. § 42a-1-203 (West 1995) ("[Section 42a-1-203] does not support an independent cause of action for failure to perform or enforce in good faith. Rather, this section means that a failure to perform or enforce, in good faith, a specific duty or obligation under the contract constitutes a breach of that contract or makes unavailable, under the particular circumstances, a remedial right or power. This distinction makes it clear that the doctrine of good faith merely directs a court towards interpreting contracts within the commercial context in which they are created, performed, and enforced, and does not create a separate duty of fairness and reasonableness which can be independently breached.") The weight of the authority convinces the court to find that count nine does not sufficiently allege a cause of action for breach of the covenant of good faith. Accordingly, count nine must be stricken. By agreement, count ten also will be stricken. CT Page 6767
CONCLUSION
On the basis of the foregoing, the defendants' Renewed Motion To Strike (#108) is denied as to counts one and seven, but granted as to counts four, five, six, eight, nine and ten. Counts four, five, six, eight, nine and ten are ordered stricken.
So ordered.
Michael Hartmere Judge of the Superior Court