[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TO CONFIRM AND TO VACATE ARBITRATION AWARD
CT Page 6142
 Facts
The arbitration was brought based on a written contract of December 24, 1996. It provided for arbitration of disputes such as the one between these parties.
The court has not received from either of the parties or the arbitrator the submission.
Hearings were held before the arbitrator on October 1, 1998 and October 23, 1998.
As the court reads the materials submitted the arbitrator had before him some questions of how to resolve some dispute or disputes in regard to the written contract. Defendants also put before the arbitrator their claims that the contract was invalid because it was signed under duress. Defendants claim that as a result the arbitrator had no jurisdiction. It would seem that the arbitrator resolved both questions in favor of plaintiffs
On February 4, 1999 the arbitrator issued the following award:
 "I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated December 24, 1998, and having been duly sworn and having duly heard the proofs and allegations of the parties, AWARD as follows:
 On the claim of Marc S. Weiner/TMG Marketing, Inc., (hereinafter known as Claimant) against Michael J. Lawton/Garfica, Inc. (hereinafter known as Respondent) I award the sum of $25,586.07 to be paid by Respondent, which includes interest to February 1, 1999. The administrative fees and expenses of the American Arbitration Association totaling $1383.00 shall be borne equally by the parties. Therefore, Respondent shall pay to Claimant the sum of $358.50 for that portion of its share of administrative fees and expenses previously advanced by Claimant to the Association. Respondent shall pay to the American Arbitration Association the sum of $16.50 for that portion of its share of Administrative fees and expenses still due the Association. The compensation of the arbitrator totaling $2125.00 shall be borne equally by the parties. Therefore, Claimant and Respondent shall each pay to the American Arbitration Association the sum of $212.50 for compensation still due the arbitrator.
This Award is in full and final settlement of any and all claims CT Page 6143 submitted to this Arbitration."
 Law
The court uses section 3.9 of the parties' contract in lieu of the submission.
That section is as follows:
"The parties shall arbitrate all breaches and/or disputes in connection with this Agreement. Arbitration shall be in accordance with the rules and regulations of the American Arbitration Association, with one (1) arbitrator."
Plaintiffs brought the arbitration on that contract. The defendants did and do claim that the contract was void because executed under duress. The court cannot find that defendants ever waived their right to a judicial determination of their claim of duress. This presents the first question for the court. Did the arbitrator have a contract before him when he began or must he first decide if it is void?
The case of 99 Pratt Street Corporation v. Stand RealtyCorporation, 27 Conn. Sup. 101, 104 seems to answer that when it quotes 23 Am.Jur. 770, Fraud and Deceit, § 19 that, "`It is fundamental in the law of contracts that an agreement induced by fraud is voidable not void'". This court sees no reason to find a contract induced by duress should be treated any differently.
The second question is if being voidable due to duress should the arbitrator find the facts of whether duress was the cause of the signing of the contract or should that issue be left for the court?
In Cotto v. Martinez, 26 Conn. Sup. 232 the court ruled that where there is a claim that a contract is illegal the court should not enforce it and therefore the court "has both the power and duty to ascertain the true facts [sic] in order that it may not unwittingly lend its assistance to the consumation or encouragement of what public policy forbids" id. 238 (citations omitted).
In our case the arbitrator did not specifically decide the duress issue. He had no authority to do so. InternationalBrotherhood of Teamsters v. Shapiro, 138 Conn. 57, 63. CT Page 6144
Here, the defendant is still entitled to a judicial determination upon "an award by arbitrators appointed under a contract executed through duress . . . whenever it is relied upon as a source of rights and duties." id. 65. Plaintiff relied upon a contract that may be the product of duress. Thus this court orders a hearing in the superior court to determine whether the contract was a product of duress. After that issue has been determined the court can then undertake the consideration of the applications to confirm and to vacate the award; see Gaer Bros.,Inc. v. Mott, 144 Conn. 303, 308.
O'Neill, J.