[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's complaint alleges that she fell in a hole while on the defendant's premises visiting the grave of her deceased husband. Her complaint contains six counts which bear the headings fraud, nuisance, tort violation of statutory obligations, tort, implied contract and breach of obligation of good faith. The defendant has moved to strike each count.
 I
The defendant moves to strike the first count, which sounds in fraud, on the grounds that it fails to allege (1) a false representation made as a statement of fact or (2) that the statement was known to be untrue by its maker.
"The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." Billington v. Billington, 220 Conn. 212, 217, 595 A.2d 1377
(1991). To state a claim for common law fraud under Connecticut law, the plaintiff must allege each of these elements. In re Colonial Ltd.Partnership Litigation, 854 F. Sup. 64, 101 (D. Conn. 1994).
 A.
The plaintiff alleges that "[t]he plaintiff, Mrs. Parise, based upon Connecticut General Statutes § 19a-295 et seq. and the implied and express representation by the defendant, Cemetery, that when she buried her husband at the defendant's site, she would be able to visit the grave site and grieve for her husband under safe conditions." The defendant claims that this fails to allege a representation made as a statement of fact as opposed to an opinion.
The misrepresentation on which a claim is based must consist of a present statement of a material past or present fact; statements of opinions are not actionable. Yurevich v. Sikorsky Aircraft Div., UnitedTech., 51 F. Sup.2d 144, 152 (D. Conn. 1999); Omega Engineering, Inc.v. Eastman Kodak Co., 908 F. Sup. 1084, 1097 (D. Conn. 1995). CT Page 9486
Characterizing premises as "safe" has been held to be, in the context of a premises liability case, an expression of opinion and not of fact. See Cooke v. Allstate Management Corp., 741 F. Sup. 1205, 1216 (D.S.C. 1990). However, in Connecticut, appellate courts have stated that "[t]he requirement that a representation be made as a statement of fact `focuses on whether, under the circumstances surrounding the statement, the representation was intended as one of fact as distinguished from one of opinion.' Crowther v. Guidone, 183 Conn. 464, 468, 441 A.2d 11 (1981). `It is sometimes difficult to determine whether a given statement is one of opinion or one of fact, inasmuch as the subject matter, the form of the statement, the surrounding circumstances, and the respective knowledge of the parties all have a bearing upon the question . . . . [E]ach case must in a large measure be adjudged upon its own facts." 37 Am.Jur.2d, Fraud and Deceit § 46." Meyers v. Cornwell Quality Tools, Inc.,41 Conn. App. 19, 28-29, 674 A.2d 444 (1996). A statement in one form may be an opinion and, in other circumstances, may be one of fact. McEneaneyv. Chestnut Hill Realty, 38 Mass. App. 573, 650 N.E.2d 93, 96, review den. 420 Mass. 1107, 652 N.E.2d 146 (1995).
The plaintiff's revised complaint fails to allege the circumstances surrounding the making of the alleged representation or the respective knowledge of the parties. Notably, the determination in Cooke v. AllstateManagement Corp., supra, 741 F. Sup. 1216, that the representation that premises were "safe" was one of opinion was made on summary judgment. The defendant's motion to strike on this basis is denied.
 B.
The defendant also moves to strike the first count on the grounds that the plaintiff has failed to allege that the statement that the plaintiff would be able to visit the grave site and grieve for her husband under safe conditions was known to be untrue by its maker. The defendant is correct. On this ground, the motion to strike is granted.
 II
The defendant has moved to strike the second count, which sounds in nuisance. The plaintiff does not object. The motion to strike the second count is granted.
 III
The defendant moves to strike the third count which alleges that the defendant violated General Statutes § 19a-295 by intentionally failing to provide a safe and hazardous free access to the cemetery. CT Page 9487
General Statutes § 19a-295 provides: "Towns and ecclesiastical societies may procure and hold lands for burial grounds and provide a hearse and pall for the burial of the dead. Cemeteries may be acquired, owned and managed and controlled by such towns and ecclesiastical societies, and by cemetery associations heretofore incorporated or incorporated as provided in section 19a-296, and by no other persons, firms or corporations. Any town may appropriate annually such sum as may be necessary to maintain and properly care for public cemeteries and public burying grounds owned or controlled by such town, and any town may appropriate annually such sums as may be necessary to aid in the maintenance and care of public cemeteries and public burying grounds owned or controlled by ecclesiastical societies or cemetery associations."
Neither this statute nor General Statutes § 19a-315c,[1] on which the plaintiff relied in oral argument, impose any duty to maintain a cemetery, much less a private cause of action for damages for breach of such a duty. While General Statutes § 19a-315 regulates the renovation of burial places, there is no suggestion in the pleadings that the defendant was embarked on such an undertaking when the plaintiff fell. General Statutes §§ 19a-295, 19a-315 are inapplicable. The third count is stricken.
 IV
The fourth count is claimed to sound in "tort," and is so headed. The count alleges that the defendant is in the business of digging holes, that it purposely intentionally dug a hole that was not completely covered, that the "defect was the wilful conduct of the defendant," and that as a result of the "wilful and hazardous condition of a hole and/or manmade indentation" the plaintiff was injured.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint for failure to state a claim on which relief can be granted. Practice Book § 10-39. The motion admits all facts that are well pleaded; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985); but does not admit legal conclusions or the truth or accuracy of opinions. Maloney v. Conroy,208 Conn. 392, 394, 545 A.2d 1059 (1988). On a motion to strike, the trial court's inquiry is to ascertain whether the allegations in each count, if proven, would state a claim on which relief could be granted. Practice Book § 10-39(a). A motion to strike is properly granted if the complaint alleges mere conclusions of law that are not supported by the facts alleged. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992)." Bennett v. Connecticut Hospice,Inc., 56 Conn. App. 134, 136-37, 741 A.2d 349 (1999), cert. denied, CT Page 9488252 Conn. 938, 747 A.2d 2 (2000).
The only fact alleged in the fourth count is that the defendant dug a hole. Common sense and common experience are that the purposeful, intentional, and wilful creation of a hole in and by a cemetery is not, without more, the creation of a defect or hazardous condition or the commission of any tort for which relief may be granted. The plaintiff essentially alleges a cause of action in absolute liability for a hole in the ground. The law does not recognize such a cause of action based on such allegations. Cf. Lynch v. Hotel Bond Co., 117 Conn. 128, 133,167 A. 99 (1933). The motion to strike the fourth count is granted.
 V
Paragraph 10 of the fifth count alleges that "[t]he plaintiff had an implied contract with the defendant by Connecticut General Statutes § 19a-295 et seq., which permitted the plaintiff to visit her husband's gravesite." Paragraph 11 alleges: "The plaintiff had an implied contract with the defendant when she purchased and buried her husband which implied contract was to permit her to visit her husband's gravesite in safe and tranquil circumstances."
It is unclear whether the implied contract alleged in paragraph 11 is based on General Statutes § 19a-295 et seq. "In reviewing the legal sufficiency of the plaintiff's complaint," however, "we assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the complaint." Bouchard v. People's Bank,219 Conn. 465, 467, 594 A.2d 1 (1991).
"An implied contract depends upon the existence of an actual agreement between the parties. Coelho v. Posi-Seal International, Inc.,208 Conn. 106, 111, 544 A.2d 170 (1988). Whether the parties have entered into such an agreement is a question of fact. Corriveau v. JenkinsBros., 144 Conn. 383, 387, 132 A.2d 67 (1957). It is the plaintiff's burden to prove, by a preponderance of the evidence, that the defendants had agreed by either words or deeds to recognize and undertake a contractual commitment. . . . Absent specific contract language, whether there was a contract, and the terms of that contract, are questions of fact. Bolmer v. Kocet, 6 Conn. App. 595, 608, 507 A.2d 129 (1986); Finleyv. Aetna Life Casualty Co., 5 Conn. App. 394, 404, 499 A.2d 64 (1985), rev'd on other grounds, 202 Conn. 190, 520 A.2d 208 (1987); see also BeadChain Mfg. Co., v. Saxton Products, Inc., 183 Conn. 266, 274-75,439 A.2d 314 (1981)." Christensen v. Bic Corporation, 18 Conn. App. 451,454-55, 558 A.2d 273 (1989). A question of fact should not be resolved on a motion to strike. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694,704, 694 A.2d 788 (1997); Gordon v. Bridgeport Housing Authority, CT Page 9489208 Conn. 161, 180, 544 A.2d 1185 (1988). For this reason, the motion to strike the fifth count is denied.
 VI
The defendant moves to strike the sixth count. The sixth count alleges that the defendant breached a covenant of good faith and fair dealing.
"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Warner v. Konover,210 Conn. 150, 154, 553 A.2d 1138 (1989). "An implied covenant of good faith and fair dealing is [e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy. . . ." Eis v. Meyer, 213 Conn. 29, 36-37, 566 A.2d 422
(1989), quoting Magnan v. Anaconda Industries, Inc., 193 Conn. 558,567, 479 A.2d 781 (1984).
The defendant argues that the covenant of good faith and fair dealing cannot be implied into a contract already implied by law. Even if this were so, and the court does not so hold, the plaintiff, in paragraph 6, has alleged an express representation by the defendant "that when she buried her husband at the defendant's site, she would be able to visit the grave site and grieve for her husband under safe conditions." The plaintiff alleged in paragraph 13 that the defendant "breached its duty of good faith by intentionally failing to provide the services to allow the plaintiff to visit the grave site in a safe and reasonable manner." This adequately alleges a claim for breach of the implied covenant. The covenant "`requir[es] that neither party do anything that will injure the right of the other to receive the benefits of the agreement." Habetz v.Condon, 224 Conn. 231, 238, 618 A.2d 501 (1992). `Bad faith means more than mere negligence; it involves a dishonest purpose.' Id., 237." Guptav. New Britain General Hospital, 239 Conn. 574, 598, 687 A.2d 111
(1996).
In conclusion, the defendant's motion to strike is granted as to counts one, two, three and four. The motion to strike is denied as to counts five and six.
BY THE COURT
Bruce L. LevinJudge of the Superior Court
CT Page 9490